**Julian GARCIA, Appellant,**

v.

**Sue Ann FLYNT, Appellee.**

**No. 1840.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 1, 1978.

Rehearing Denied Nov. 29, 1978.

Milton Schwartz, Schwartz, Judice, Farrell, Laviage & Williams, Houston, for appellant.

Fred Riepen, Houston, for appellee.

CIRE, Justice.

Appellant, Julian Garcia, appeals from a county court at law decision awarding judgment to appellee, Sue Ann Flynt, in the amount of $6,242.40 plus interest for breach of contract. This amount represented delinquent payments due appellee under a property settlement agreement.

Appellant and appellee were divorced on November 3, 1972. Previous to this the parties had negotiated a property settlement agreement which the court granting the divorce approved and incorporated into the decree. The settlement provided, in part, that appellant would make certain cash payments to appellee, to wit:

$111.15 per month for thirty-six months as contractual alimony;

$124.00 per month as contractual alimony until the balance owing on parties' residence (which was awarded to appellee) was paid in full.

Appellant made twenty payments of each sum, then ceased making them when he learned of appellee's remarriage. Appellee sued for the remaining sixteen payments at $111.15 each and the $124.00 payments accrued through August 1976 for a total of $4878.40. A trial amendment increased this amount to $6242.40 by including the $124.00 per month payments accrued through the end of trial.

Appellant's defense consisted of a claim that appellee had fraudulently stated to him during the settlement negotiations that in the event of her remarriage she would not require him to make further payments. Appellant's testimony to this effect was excluded by the trial judge as not raising an issue of fact. At the close of the testimony the judge ruled that there were no material issues of fact and granted a directed verdict for appellee for $6242.40 plus interest.

Appellant first assigns as error the following actions of the trial court:

1. Retaining jurisdiction after the trial amendment increased the amount in controversy above the jurisdictional maximum of the court;

2. Rendering a judgment in excess of the jurisdictional maximum of the court.

The maximum amount in controversy that will confer jurisdiction on a county court at law is $5,000. Tex.Rev.Civ.Stat. Ann. art. 1970a. Once jurisdiction has properly attached by way of a pleading which comes within the jurisdictional limits, no subsequent event will defeat it. This includes an amendment raising or lowering the amount in controversy. *Isbell v. Kenyon-Warner Dredging Co.*, 113 Tex. 528, 261 S.W. 762 (Tex.Comm. of App.1924, opinion

adopted); *Haginas v. Malbis Memorial Foundation*, 163 Tex. 274, 354 S.W.2d 368 (1962). Accordingly the county court had the power to entertain the suit after the trial amendment raised the amount in controversy over the maximum jurisdictional limit.

It was not, however, within the court's jurisdiction to enter a judgment in excess of the jurisdictional amount. As this court held in *Williams v. Le Garage De La Paix*, 562 S.W.2d 534, 536 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n. r. e.), "[T]he only cases in which a court can . . . enter judgments in excess of their jurisdictional limits are Texas Rule of Civil Procedure 752 situations or similar cases where the court has jurisdiction of the main suit, and that part of the suit which ordinarily would be without the court's jurisdiction is but ancillary to the main cause of action."

Appellant cites the *Isbell* case for the proposition that once jurisdiction attaches on the previous pleading the court has the power to enter judgment in excess of the jurisdictional amount. *Isbell*, however, was a sequestration case and the Commission there held that "the county court, by reason of the sequestration proceeding, and, more especially, of the replevy bond given in that proceeding, was authorized . . . to render a judgment exceeding $1,000 in amount." 261 S.W. at 764. The holding that "judgment in such a case may exceed the ordinary limit of the jurisdiction" was limited to the ancillary proceeding involved there, *id.*

Accordingly we hold that the county court at law was without jurisdiction to render a judgment in excess of its jurisdictional maximum, and reverse and remand this case for further proceedings consistent with this opinion.

In its remaining point of error appellant complains of the action of the trial court in withdrawing the case from the jury and rendering a directed verdict for appellee. According to appellant, when the evidence raises an issue of fraud, a question of fact is presented for the jury.

All of appellant's testimony concerning alleged fraudulent misrepresentation made by appellee was excluded by the trial judge as not raising a fact issue. Appellant does not assign as error the exclusion of this testimony. As a result the record in this case is devoid of any evidence that would raise a fact question on the issue of fraud. A directed verdict is proper when there is no fact issue raised by the evidence. *Johnson v. Peckham*, 132 Tex. 148, 120 S.W.2d 786 (1938). Accordingly we hold that it was not error for the trial judge to withdraw this case from the jury and render a directed verdict.

In view of the probable retrial of this case, we consider it proper to comment on appellant's allegations that he was fraudulently induced to enter into the settlement agreement. The Texas Supreme Court has held that a mere representation that the obligor of a contract will not be held liable by the obligee does not constitute fraud in the inducement so as to be an exception to the parole evidence rule. *Town North National Bank v. Broaddus*, 569 S.W.2d 489 (Tex.Sup.1978).

Additionally, we do not feel that a husband can justifiably rely on an oral statement by the wife that she will not enforce an obligation in a property settlement agreement which is to be later reduced to writing and made a part of a final judgment. An essential element in proving a case of fraud is the right to rely on the representation. *Bell v. Henson*, 74 S.W.2d 455 (Tex.Civ.App.—Waco 1934, writ dism'd.). Therefore, since the testimony presented by the appellant was insufficient to raise the issue of fraud, it was not error for the trial court to exclude such evidence.

Reversed and remanded.