Sue Ann FLYNT

v.

Julian GARCIA.

No. B–8131.

Supreme Court of Texas.

June 6, 1979.

Fred Riepen, Houston, for petitioner.

Milton Schwartz, Houston, for respondent.

PER CURIAM.

This case involves the jurisdiction of a county court at law to entertain suit and render judgment after a trial amendment raised the amount in controversy over the maximum jurisdictional limit of $5,000.

We will recite only those facts necessary for our disposition of the case and will not repeat the full statement made by the court of civil appeals at 574 S.W.2d 587.

The record before us does not contain pleadings prior to the fourth amended original petition filed April 18, 1977. By that pleading, Sue Ann Flynt sought to recover $1,778.40 plus interest under a fully matured obligation, and $3,100 plus interest in monthly payments accrued through August, 1976, under another obligation not yet fully matured. The total sought at that time was $4,778.40 plus interest. By trial amendment, she increased her demand to $6,242.40 by including accrued payments on the second obligation through the end of trial.

The court of civil appeals has held that the county court at law retained jurisdiction to "entertain the suit", citing this Court's opinions in *Isbell v. Kenyon-Warner Dredging Co.*, 113 Tex. 528, 261 S.W. 762 (1924); and *Haginas v. Malbis Memorial Foundation*, 163 Tex. 274, 354 S.W.2d 368 (1962). However, the court further held that the trial court had no "jurisdiction to enter a judgment in excess of the jurisdictional amount."

We think the opinion of the court of civil appeals is in conflict with the general rule announced in *Isbell, supra* and *Haginas, supra*; and, therefore pursuant to Tex.R.Civ. P. 483, we grant the application of Sue Ann Flynt, and without hearing oral argument, reverse the judgment of the court of civil appeals.

The general rule stated in the two prior opinions is that "where jurisdiction is

once lawfully and properly acquired, no subsequent fact or event in the particular case serves to defeat that jurisdiction." We see no reason why that general rule should not apply to a case where the original suit is within the jurisdictional limits of the court and subsequent amendments seek only additional damages that are accruing because of the passage of time. This is especially so where there is no allegation of bad faith or fraud in invoking the jurisdiction of the court.

The rule applied here will serve the purposes of judicial economy. The opinion of the court of civil appeals would reverse the judgment and remand the cause for another trial in the county court at law while allowing only a partial recovery of the amount due. If another suit is required to recover the balance, three lawsuits will result from this single claim.

The judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.