MR. W. FIREWORKS, INC., Petitioner,

v.

David MITCHELL, Respondent.

No. C–500.

Supreme Court of Texas.

Oct. 7, 1981.

Rehearing Denied Nov. 12, 1981.

Benjamin F. Walker, San Antonio, for petitioner.

Bayne, Snell & Krause, Andrew Cline, San Antonio, for respondent.

PER CURIAM.

This is an action brought by David Mitchell to recover from Mr. W. Fireworks, Inc. on a contract for personal services. The case involves construction of a trial amendment seeking to increase the amount of attorney's fees sought and the jurisdiction of the county court at law to render a judgment in excess of $5,000.

The trial court awarded Mitchell $6,803.30 in damages and attorney's fees. The court of civil appeals modified the judgment and affirmed. 621 S.W.2d 636. Pursuant to Rule 483,[1] we grant both applications for writ of error, and without hearing oral argument, reverse the judgment of the court of civil appeals and remand the cause to that court for consideration of a point of error contending that the amount of attorney's fees was excessive.

Mitchell brought suit in the county court at law No. 5 of Bexar County to recover $1,043.30 alleged to be due him for personal services rendered. In addition to the contract amount, Mitchell sought reasonable attorney's fees in the amount of

---

1. Texas Rules of Civil Procedure. The statutory reference is to Vernon's Texas Civil Statutes Annotated.

$750 pursuant to article 2226. At trial, Mitchell amended his original petition to ask simply for "reasonable attorney's fees." Trial was to a jury, and the verdict awarded Mitchell $1,043.30 in contract damages plus $5,760 in attorney's fees. The trial judge rendered judgment on this verdict.

The court of civil appeals held that the trial amendment offered by Mitchell was ineffective to increase the amount pleaded for and modified the judgment of the trial court to award only $750 in attorney's fees. Because the judgment as modified was within the $5,000 maximum jurisdictional limit of the county court at law, the court of civil appeals did not reach the question of jurisdiction.

We hold the judgment of the court of appeals regarding attorney's fees is in conflict with our holding in *Liberty Sign Co. v. Newsom*, 426 S.W.2d 210 (Tex. 1968), thus requiring reversal under Rule 483. In *Liberty Sign*, the plaintiff's first amended original petition alleged that Liberty Sign Company had employed attorneys and agreed to pay them a reasonable fee in the amount of $1,500. By trial amendment, Liberty Sign Company alleged merely that it had employed attorneys and agreed to pay them reasonable fees. Judgment was rendered for $2,750 in attorney's fees. We held that under the circumstances of that case, both parties as well as the trial court must have understood that Liberty Sign Company was seeking and would be entitled to $2,750 in attorney's fees. We see no distinction between the facts of *Liberty Sign* and the present case.

The court of civil appeals relied on our decision in *Richardson v. First National Life Ins. Co.*, 419 S.W.2d 836 (Tex. 1967), in reaching its decision. In *Richardson*, we held that a general prayer for relief in the plaintiff's petition did not control over a paragraph pleading for a specific amount. *Richardson* did not involve construction of a trial amendment and is therefore not controlling under the present facts.

 In a separate application for writ of error, Mr. W. Fireworks, Inc. contends that the county court at law was without jurisdiction to render judgment for $5,760 in attorney's fees because this judgment exceeded the $5,000 maximum jurisdictional limit of that court, and the court of civil appeals erred in failing to so hold. As noted above, Mitchell originally pleaded for $1,043 in contract damages plus $750 in attorney's fees. This original amount was well within the jurisdiction of the court. At trial, Mitchell amended his petition to claim for attorney's fees which had accrued since the suit was filed. Where jurisdiction is once lawfully and properly acquired, it will not be defeated by subsequent amendments seeking only additional damages that are accruing because of the passage of time. *Flynt v. Garcia*, 587 S.W.2d 109 (Tex. 1979). Accordingly, we hold that the county court at law acquired jurisdiction over the cause through the good faith allegations of Mitchell's original petition and the subsequent amendment which sought only additional attorney's fees accruing due to the further prosecution of the suit did not divest the court of jurisdiction.

The court of civil appeals modified the judgment of the trial court to award a lesser amount in attorney's fees, and did not consider a point of error complaining that the amount of attorney's fees awarded was excessive. We therefore remand the cause to the court of appeals for consideration of that point.

The judgment of the court of appeals is reversed and the cause is remanded to that court for consideration of the point of error claiming that the amount of attorney's fees awarded was excessive.