The STANDARD FIRE INSURANCE COMPANY, Appellant,

v.

Kathy L. STIGGER, Appellee.

No. 21091.

Court of Appeals of Texas, Dallas.

June 24, 1982.

Thomas J. Turner, Dallas, for appellant.

John S. Watts, Hamlin, for appellee.

Before STOREY, FISH and WHITHAM, JJ.

FISH, Justice.

In this worker's compensation case, the facts giving rise to the appeal are not in dispute. The Industrial Accident Board awarded Stigger, the claimant, $2,377.62 in benefits. The carrier, Standard Fire, filed a timely suit in a county court at law of Dallas County to set aside the Board's award. Stigger answered and counterclaimed for benefits. After jury trial, the court rendered judgment for Stigger on the verdict in the amount of $34,692.21.

Standard Fire urges on appeal that the trial court erred in two ways: first, in rendering a judgment in excess of its jurisdictional limits, and second, in refusing to reduce the judgment to conform to Stigger's pleadings. We are not persuaded by either contention; thus, we affirm.

1. *Jurisdiction of the County Court At Law*

■ The Worker's Compensation Law authorizes suit to set aside a final ruling of the Industrial Accident Board but does not specify in what court the suit must be brought. Art. 8307, Sec. 5, Tex.Rev.Civ. Stat.Ann. (Vernon Supp.1982). *See* Gemoets, Avoiding Pleading Pitfalls in the Defense of a Workmen's Compensation Case, 19 So.Tex.L.Rev. 403 (1978). Consequently, "[a]ccording to provisions of the Constitution and Revised Civil Statutes, the original jurisdiction of trial courts, aside from certain suits specially designated ..., is determined by the amount or value of the matter in controversy." *Booth v. Texas Employ-*

*ers' Ins. Ass'n*, 132 Tex. 237, 123 S.W.2d 322, 327 (Tex.1938).

The county court at law, which Standard Fire chose as the forum for bringing suit to set aside the Board's award, has "jurisdiction concurrent with that of the district court when the matter in controversy shall exceed in value Five Hundred Dollars ($500) and shall not exceed Five Thousand Dollars ($5000) exclusive of interest." Art. 1970a, Tex.Rev.Civ.Stat.Ann. (Vernon Supp. 1965 to 1981). Because of the limited jurisdiction created by this statute, Standard Fire argues that the court erred when it rendered a judgment for Stigger that exceeded $5000.

■ A number of decisions from the Supreme Court have made it clear that the limitation on amount in controversy imposed by article 1970a is not a limitation on the power to render judgment. In those cases, the Court has consistently rejected the argument that a county court at law lacks jurisdiction to render judgment for more than $5000, so long as the original amount in controversy is within the jurisdictional limit. *Mr. W. Fireworks, Inc. v. Mitchell*, 622 S.W.2d 576, 577 (Tex.1981) (judgment for $6,803.30); *Flynt v. Garcia*, 587 S.W.2d 109, 109–110 (Tex.1979) (judgment for $6,242.40). *See also Haginas v. Malbis Memorial Foundation*, 163 Tex. 274, 354 S.W.2d 368, 369–370 (Tex.1962) (judgment for $2,400 when limit on amount in controversy was $1,000); *Isbell v. Kenyon-Warner Dredging Co.*, 113 Tex. 528, 261 S.W. 762, 762–763 (Tex.1924) (judgment for $1,799.50 when limit on amount in controversy was $1,000). This court reached a like result in *Cook v. Jaynes*, 366 S.W.2d 646, 647 (Tex.Civ.App.—Dallas 1963, no writ).

■ The oft stated rationale for these decisions is that "where jurisdiction is once lawfully and properly acquired, no subsequent fact or event in the particular case serves to defeat that jurisdiction." *Flynt v. Garcia, supra*, at 109–110; *Haginas v. Malbis Memorial Foundation, supra*, at 371. Under this rationale, we conclude that the trial court properly rendered judgment on the verdict in this case.

Standard Fire's petition was sufficient to invoke the jurisdiction of the trial court. The petition alleged that Standard Fire did not intend to abide by the Industrial Accident Board's final award of $2,377.62 in favor of Stigger (a copy of such award being attached to show jurisdiction in the county court at law) and that suit was being brought in a court of competent jurisdiction to set aside the Board's award. Under the holding in *Booth v. Texas Employers' Ins. Ass'n, supra*, the amount in controversy, in a carrier's suit to set aside a Board award, is the amount of the award, unless a different amount of the worker's claim can be determined in dollars and cents. 123 S.W.2d at 331. Stigger's counterclaim sought benefits in an unspecified amount within the jurisdictional limits of the court.

Thus, at the time the trial court acquired jurisdiction, the amount in controversy was the $2,377.62 awarded by the Board, an amount well within the jurisdiction prescribed by article 1970a. The judgment gave Stigger recovery for three types of benefits authorized by the Worker's Compensation Law: (1) 50 weeks of disability payments, in the amount of $4,859.38 (50 × $95.39 per week), which had accrued to the time of trial; (2) 351 weeks of additional disability payments, in the amount of $29,-405.33 (351 × $95.39); and (3) costs of reasonable medical care in the amount of $427.50.

■ Judgment for the first and third items was authorized by the decisions in *Mr. W. Fireworks, Flynt, Haginas*, and *Isbell* discussed above. These elements of recovery arose from a claim which was clearly within the court's jurisdiction. The fact that the first item—the accrued weekly disability benefit prescribed by statute—increased between the time suit was filed and the time of trial did not prevent recovery. *Mr. W. Fireworks, supra*, at 577.

Stigger's recovery of the second item, disability payments from the time of trial to the end of the statutory period, is also authorized, in our view, by the rationale of those cases, particularly *Flynt*.

In *Flynt*, the plaintiff sought in her trial pleading $1,778.40 plus interest on a fully matured obligation and $3,100 plus interest in monthly payments under another obligation not yet matured, for a total recovery of $4,778.40 plus interest. By trial amendment, she increased her demand to $6,242.40 by including accrued payments on the second obligation through the end of the trial. In reversing the holding of the Court of Civil Appeals that the county court at law had no power to render judgment for plaintiff in excess of $5,000, the Supreme Court observed:

> The rule applied here will serve the purposes of judicial economy. The opinion of the court of civil appeals would reverse the judgment and remand the cause for another trial in the county court at law while allowing only a partial recovery of the amount due. If another suit is required to recover the balance, three lawsuits will result from this single claim.

587 S.W.2d at 110.

The policy of judicial economy applies here with equal force. Stigger's incapacity from this injury was determined by a jury, and the Worker's Compensation Law defines her benefits. We see no good reason in law or policy to make a distinction between matured and unmatured instalment payments (the first and second items of Stigger's recovery in the judgment) that would require some further court proceedings by Stigger to collect the unmatured payments.

An analysis of the consequences of Standard Fire's position confirms the soundness of this result. Standard Fire urges that when Stigger filed her counterclaim for benefits, she should have attempted removal to a district court. Whether this procedure would have been effective may be questionable, in light of this court's decision in *Pinckard v. Associated Popcorn Distributors*, 611 S.W.2d 491 (Tex.Civ.App.—Dallas 1981, no writ) (jurisdiction once acquired by county court cannot be divested by filing of counterclaim for greater sum in district court). In any event, Stigger correctly replies that she could not have filed a sepa-

rate suit in district court because she had not given notice to the Board of her dissatisfaction with its award. As a result, the district court could not have acquired jurisdiction of her claim. *Tamez v. Texas Employers' Insurance Association*, 599 S.W.2d 115, 116 (Tex.Civ.App.—Dallas 1980, no writ).

Furthermore, were we to adopt the position urged by Standard Fire, any worker's compensation carrier could, by its choice of forum, set a $5,000 limit on the possible recovery by the claimant, despite the intent of the Worker's Compensation Law that the court shall have power to determine the whole case. *See* Art. 8307, sec. 5, Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1982):

> If the final order of the Board is against the Association, then the Association and not the employer shall bring suit to set aside said final ruling and decision of the Board, if it so desires, and the *court shall in either event determine the issues in such cause*, instead of the Board, upon trial de novo, and the burden of proof shall be upon the party claiming compensation [emphasis added].

■ Standard Fire has not questioned the trial court's acquisition of jurisdiction over this case. Indeed, it could not do so under the rule in *Moore v. Moore*, 430 S.W.2d 247, 250–251 (Tex.Civ.App.—Dallas 1968, writ ref'd n.r.e.) (party who invokes jurisdiction of court cannot be heard, on appeal of its decision, to question the very jurisdiction he invoked). We interpret the decisions in *Mr. W. Fireworks, Flynt, Haginas*, and *Isbell* to mean that, where no question of bad faith or fraud in invoking the trial court's jurisdiction is presented, the court is empowered to grant complete relief on the claims its jurisdiction was invoked to adjudicate, even if such relief requires a judgment in excess of the court's jurisdictional limits. Accordingly, we hold that the trial court had jurisdiction to determine all the issues in this case, including unmatured benefit instalments.

### 2. Judgment in Conformity with Pleadings

■ Standard Fire also complains that the trial court should have reduced its judg-

ment to conform to Stigger's pleadings. Stigger's pleadings sought recovery of worker's compensation benefits in an unspecified amount within the jurisdiction of the court. Because we have held that the trial court had jurisdiction to render the judgment it did in favor of Stigger, there was no variance between the judgment and Stigger's pleading. The trial court properly overruled Standard Fire's motion to reduce the judgment.

Affirmed.