**Johnnie L. BLAKE, Individually and as Trustee for John William Blake and Jeremy Louis Blake, Minors, Appellant,**

v.

**Rebecca L. BLAKE, Appellee.**

No. 01–85–0934–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 12, 1987.

Kenneth C. Kaye, League City, for plaintiff.

James Sean Healey, Galveston, for defendant.

Before EVANS, C.J., and WARREN and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from an order dismissing appellant's suit in County Court No. 2 of Galveston County for want of jurisdiction on the grounds that plaintiffs' aggregate damages exceeded the court's jurisdiction, and that the family district court would have exclusive jurisdiction over the suit.

Appellant's suit involved a dispute over personal property following divorce. The divorce decree awarded custody of the parties' two children to the appellant father and ordered the appellee mother to deliver to appellant individually, and as trustee for the children's benefit, appellant's coin collection, other personal property (including a dining room set, bunk beds, and a television set), and money from savings accounts. Appellant alleged that appellee rendered the property largely unusable and sold appellant's coin collection.

Appellant filed the present suit in County Court No. 2 of Galveston County, a legislatively created court of special jurisdiction. In his original petition, the appellant did not allege a specific amount of damages, but stated that the damages were within the court's jurisdiction. The parties' divorce had been granted less than a month before in the 306th Family District Court in Galveston. Under enforcement provisions of the Texas Family Code, Sections 3.70–3.76 (Vernon 1987), such suits are now brought in the same court that decreed the divorce; however, these provisions did not become effective until September 1, 1983, four months after this suit was filed in the county court. Acts 1983, 68th Leg., p. 2350, ch. 424, sec. 2, eff. Sept. 1, 1983. In a post-answer default judgment, the trial court awarded appellant $2,568.20 individually, and awarded judgment for each child in the amount of $9,802.29, representing

savings account funds and the value of destroyed property.

Thereafter, the appellee filed her unverified motion for new trial. The trial court granted the motion for new trial and entered its order dismissing appellant's suit for want of jurisdiction.

In its order of dismissal for want of jurisdiction, the trial court ruled that: (1) the amount in controversy exceeded the maximum jurisdiction of the trial court, and (2) the exclusive jurisdiction belonged to the 306th Family District Court of Galveston County.

Appellant's first point of error contends that the trial court erred in dismissing his suit for want of jurisdiction on the ground that it did not have monetary jurisdiction in the case. He urges that jurisdiction attaches when a case is filed, and that once attached, jurisdiction is not destroyed when damages exceed the jurisdictional authority of the court, absent bad faith on the part of plaintiff in the original pleadings.

■ When a suit is correctly filed in a court of proper jurisdiction at the time of filing, the fact that damages later exceed the jurisdiction does not prevent the court from rendering judgment. *Standard Fire Insurance Co. v. Stigger*, 635 S.W.2d 667 (Tex.App.—Dallas 1982, no writ).

In his original petition, appellant alleged unspecified damages within the jurisdiction of the court. The court's jurisdiction at the time was from $500 to $10,000 under Tex. Rev.Civ.Stat.Ann. art. 1970–342b (Vernon 1979). The maximum jurisdiction of the court is now $50,000 (*Tex.Rev.Civ.Stat. Ann.* art. 1970–342b; amended acts 1985, 69th Leg., p. 2133, ch. 247, section 3, effective August 26, 1985). Appellee filed special exceptions to the jurisdiction at the time suit was filed, and a hearing was held. One month after hearing appellee's special exception, the trial court ruled that it had jurisdiction over the matter and ordered that appellant amend to plead damages more particularly. Plaintiff's amended petition was filed September 11, 1984, 16 months after the trial court ruled that it had jurisdiction, and set out total damages of $21,935.53.

The amended pleading set out each of the items referred to in plaintiff's original petition, but placed a value on each item. Under "L. All certificates of deposit and United States Savings Bonds belonging to, in the name of, or owned by the children," plaintiff designated a value of $18,145.90. But for the fact that the sum stated was for a dual claim, the amount sought was on its face over the $10,000 jurisdiction of the court at the times of filing both the suit and the amended petition. Tex.Rev.Civ. Stat.Ann. art. 1970–3426 (Vernon 1979). There was no further contest to jurisdiction until this appeal.

In the judgment entered June 3, 1985, damages were awarded to appellant in the sum of $2,568.20, and to each of the two children in an amount of $9,802.29.

Appellant relies on the holdings in *Standard Fire Insurance Co.* and *Flynt v. Garcia*, 587 S.W.2d 109 (Tex.1979), to protect the earlier judgment entered in his favor. In *Standard Fire Insurance Co. v. Stigger*, the carrier filed in the county court to appeal an Industrial Accident Board award, an amount within the court's jurisdictional limits. Stigger filed a counterclaim and ultimately recovered a sum greater than the court's jurisdiction. The court held that the amount of the unspecified counterclaim did not destroy the court's jurisdiction since the amount in controversy in a worker's compensation suit is the amount of the board's award, unless a different amount of the worker's claim can be determined in dollars and cents. Since Stigger's counterclaim was not ascertainable, but was an unspecified amount within the jurisdictional limits of the court, jurisdiction was not defeated.

In *Flynt*, the Supreme Court considered subsequent trial amendments following an original stated amount in controversy which was within the court's jurisdictional limits. The court noted the general rule that "where jurisdiction is once lawfully and properly acquired, no subsequent fact or event in the particular case serves to defeat that jurisdiction," 587 S.W.2d at 109–110. Subsequent amendments, therefore, do not destroy jurisdiction. The court

noted: "This is especially so where there is no allegation of bad faith or fraud in invoking the jurisdiction of the court." 587 S.W.2d at 109–110.

Plaintiff's claims, like Stigger's, "sought benefits in an unspecified amount within the jurisdictional limits of the court." *Standard Fire Insurance Co.*, 635 S.W.2d at 669.

■ We hold that the trial court was bound by its determination that it had jurisdiction based on the pleading of an unspecified amount in plaintiffs' original petition. There were three parties and, viewing their claims as individual claims, even under the judgment rendered, each came within the jurisdiction of the court.

Appellant's first point of error is sustained.

Appellant's second point of error urges that Texas law does not require exclusive jurisdiction in the family law court to enforce the terms of a divorce decree except for contempt, child custody, and visitation.

The trial court relied upon Tex.Fam.Code Ann. sec. 3.70 (Vernon 1987), which was adopted after the suit was filed. The divorce was alleged to have been granted one month before this suit was filed in June 1983, and those sections of the Family Code concerning enforcement of matters pertaining to property in divorce decrees did not become effective until September 1, 1983.

■ Appellant, not yet having the benefit of Family Code section 3.70 to enforce property provisions, had the right to enforce his judgment in a court other than that which granted the divorce.

Appellant's lawsuit was filed before the enforcement sections relating to property were enacted; he was, therefore, free to select the forum.

Appellant's second point of error is sustained.

In response to the "post-answer default judgment," *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex.1979), the appellee filed an unverified motion for new trial. Appellant contends in his third point of error that this response was inadequate and that the court erred in granting a new trial.

■ Post-answer defaults and non-appearance default judgments are treated similarly. *Farley v. Clark Equipment Co.*, 484 S.W.2d 142, (Tex.Civ.App.—Amarillo 1972, writ ref'd n.r.e.). It is well settled that it is an abuse of discretion to *deny* a new trial where the guidelines of *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (Tex.1939) have been met. A defendant is entitled to have a post-answer default judgment against it vacated and a new trial ordered if the defendant: (1) establishes that failure to attend trial was not due to conscious indifference on its part, but accident or mistake; (2) proves a meritorious defense; and (3) demonstrates that the granting of a new trial would occasion no delay or otherwise injure plaintiff. *Stone Resources, Inc. v. Barnett*, 661 S.W.2d 148 (Tex.App.—Houston [1st Dist.] 1983, no writ). However, the appellant has not cited any cases, nor have we found any cases, which hold that a trial court may not *grant* a new trial unless these factors are satisfied. The complete absence of authority for the proposition that it is error for a court to set aside a default judgment when the *Craddock* factors have not been met is partially explained by the fact that orders setting aside default judgments are generally not subject to review. *Warren v. Walter*, 409 S.W.2d 887 (Tex.Civ.App.—Tyler 1966, writ ref'd n.r.e.) *per curiam*, 414 S.W.2d 423 (Tex.1967). We decline to find error in the trial court's action setting aside the post-answer default judgment.

The third point of error is overruled.

The judgment dismissing appellant's suit is set aside. The order setting aside the default judgment is affirmed and the cause is remanded to County Court No. 2 of Galveston County for a new trial. We note as well that the trial court, should it choose to do so, may transfer the suit to the Family District Court with the consent of the judge of the latter court. Tex.Rev.Civ. Stat.Ann. art. 1970–342, sec. 3a, and art. 1970–342b, sec. 2(c) (Vernon 1987).