Jerry J. CRUMPTON, Appellant,

v.

MIKE STEVENS, MGA, d/b/a Group Health Underwriters, Appellee.

No. 2–95–264–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 19, 1996.

Bill Kuhn, Dallas, for Appellant.

Law Offices of Patrick H. O'Neill, Steven B. Loomis, Fort Worth, for Appellee.

Before CAYCE, C.J., and HOLMAN and H. TOD WEAVER, (Retired, Sitting by Assignment), JJ.

## OPINION

CAYCE, Chief Justice.

This is an appeal from a judgment in favor of appellant Jerry J. Crumpton for recovery of unpaid commissions. In two points of error, Crumpton complains that the trial court erred in denying Crumpton's claim for attorney's fees. We reverse and remand in part and affirm in part.

## Background Facts

Crumpton filed a pro se action against appellee Mike Stevens, MGA, d/b/a Group Health Underwriters in the Justice Court, Precinct Five of Tarrant County, Texas, to recover $1,007.58 in unpaid commissions on policies he had allegedly sold while working as Stevens's agent.[1] The court rendered judgment against Crumpton, who appealed de novo to the County Court at Law Number One, Tarrant County, Texas. Crumpton retained an attorney, and while the case was pending in the county court at law, he filed amended pleadings alleging additional damages, including $20,000.00 for tortious interference with his business and $17,500.00 in legal fees "to the extent permitted by the jurisdictional limits pertaining to this action." The court rendered summary judgment that Crumpton take nothing and Crumpton appealed to this court. We reversed and remanded the case for new trial. *Crumpton v. Stevens*, No. 2–94–014–CV (Tex.App.—Fort Worth Dec. 13, 1994, no writ) (not designated for publication).

On remand, Stevens filed a second motion for summary judgment alleging that Crumpton was seeking relief beyond the jurisdictional limits of the county court at law and that his claims for tortious interference and attorney's fees constituted "new ground[s] of recovery." The county court at law granted summary judgment against Crumpton on every claim except the breach of contract claim.

The case proceeded to trial on the breach of contract claim, and the jury entered a verdict in favor of Crumpton for $913.45. Final judgment was rendered on the verdict, as corrected by an order for judgment nunc pro tunc, for the total amount of $1,132.68, including prejudgment interest.

In this appeal, Crumpton's only complaint is that the trial court erred in granting the partial summary judgment denying his claim for attorney's fees.

## Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c); *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex.1990); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301–02 (Tex.1990), and all doubts about the existence of a genuine issue of a material fact are resolved against the movant. *Cate*, 790 S.W.2d at 562; *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great Am.*, 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995); *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am.*, 391 S.W.2d at 47.

The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law. *City of Houston*, 589 S.W.2d at 678.

█ When reviewing a summary judgment granted on unspecified grounds, the appellate court considers whether any theory set forth in the motion for summary judgment will support the summary judgment. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993). When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced in the motion are meritorious.

---

1. This is the third lawsuit involving these parties. In the first lawsuit, Crumpton recovered $901.07 plus interest and costs, which Stevens paid. Crumpton was ordered to take nothing and to pay Stevens $500.00 in attorney's fees in the second lawsuit.

*Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

### *Rule 574a*

Stevens contends Crumpton's claim for attorney's fees is prohibited by TEX. R. CIV. P. 574a because it constitutes a "new ground of recovery." TEX. R. CIV. P. 574a. Rule 574a reads in pertinent part:

> Either party may plead any new matter in the county or district court which was not presented in the court below, but no new ground of recovery shall be set up by the plaintiff, nor shall any set-off or counterclaim be set up by the defendant which was not pleaded in the court below.

*Id.*

■ Some courts have held that a claim for attorney's fees is a "new ground of recovery" and, therefore, if not pleaded in the justice court, cannot be requested in the county court. *See Kramek v. Stewart*, 648 S.W.2d 399, 401–02 (Tex.App.—San Antonio 1983, no writ); *Hamby Co. v. Palmer*, 631 S.W.2d 589, 592 (Tex.App.—Amarillo 1982, no writ). Other courts have held that where attorney's fees are provided for in a statute, the specific statute prevails over the generality of Rule 574a. *See Richard v. Taylor*, 886 S.W.2d 848, 851 n. 4 (Tex.App.—Beaumont 1994, writ denied); *Jones v. Falcon*, 875 S.W.2d 29, 31 (Tex.App.—Houston [14th Dist.] 1994, writ denied); *Mastermark Homebuilders v. Offenburger Constr.*, 857 S.W.2d 765, 767 (Tex.App.—Houston [14th Dist.] 1993, no writ). We agree with the logic of the latter decisions and hold that a statutory claim for attorney's fees that is dependent on a cause of action that was originally pleaded in the justice court may be asserted for the first time in a de novo appeal to the county court at law.

■ Chapter 38 of the Texas Civil Practice and Remedies Code provides for the recovery of reasonable attorney's fees in a suit for breach of contract. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (Vernon 1986). A claim for attorney's fees under this section does not constitute an independent ground of recovery but rather is in the nature of incidental damages. *Bayou Ter-race Inv. Corp. v. Lyles*, 881 S.W.2d 810, 816 (Tex.App.—Houston [1st Dist.] 1994, no writ) (op. on reh'g). We, therefore, hold that claims for attorney's fees under section 38.001 are not "new grounds of recovery" under Rule 574a.

In his second amended petition, Crumpton requested "reasonable attorneys' fees under Chapter 38 of the Texas Civil Practice and Remedies Code." Because his claim for attorney's fees under section 38.001 is provided by statute and is dependent on a cause of action pleaded in the justice court, Crumpton was entitled to plead for them in the de novo appeal to the county court at law. Crumpton's points of error one and two are sustained.

### *Jurisdictional Limits of the County Court at Law*

■ Stevens further contends that the county court at law had no jurisdiction over Crumpton's attorney's fees claim because the claim exceeded the jurisdictional limits of the court.

■ An appeal from a justice court judgment is tried de novo in the county or district court. TEX. R. CIV. P. 574b. However, the appellate jurisdiction of the county court is confined to the jurisdictional limits of the justice court, and the county court has no jurisdiction over the appeal unless the justice court had jurisdiction. *Color Tile, Inc. v. Ramsey*, 905 S.W.2d 620, 622 (Tex.App.—Houston [14th Dist.] 1995, no writ). At the time Crumpton's suit was filed, the maximum amount in controversy for the justice court was $2,500.00 or less, exclusive of interest. Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 1, 1985 Tex. Gen. Laws 1720, 1813, *amended by* Act of May 27, 1987, 70th Leg., R.S., ch. 745, § 2, 1987 Tex. Gen. Laws 2672, 2672, *amended by* Act of May 22, 1991, 72nd Leg., R.S., ch. 776, § 2, 1991 Tex. Gen. Laws 2767, 2767–68 (current version at TEX. GOV'T CODE ANN. § 27.031(a)(1) (Vernon Supp.1997)).

■ Generally, the allegations in the plaintiff's petition determine the amount in controversy. *Picon Transp., Inc. v. Pomerantz*, 814 S.W.2d 489, 490 (Tex.App.—Dallas 1991, writ denied). "[W]here jurisdiction is

once lawfully and properly acquired, no subsequent fact or event in the particular case serves to defeat that jurisdiction." *Flynt v. Garcia,* 587 S.W.2d 109, 109–10 (Tex.1979). However, a trial court has no jurisdiction to hear a claim brought by either a plaintiff or a defendant that is not within its subject matter jurisdiction unless additional damages have resulted due to the passage of time. *Mr. W. Fireworks, Inc. v. Mitchell,* 622 S.W.2d 576, 577 (Tex.1981); *Flynt,* 587 S.W.2d at 110. In such event, a plaintiff may amend his petition to an amount exceeding the jurisdictional limits of the court. *Mr. W. Fireworks,* 622 S.W.2d at 577; *Flynt,* 587 S.W.2d at 110; *Villarreal v. Elizondo,* 831 S.W.2d 474, 476 (Tex.App.—Corpus Christi 1992, no writ).

Here, the county court at law properly acquired jurisdiction over the case when Crumpton pleaded in his original petition an amount within the county court at law's jurisdiction. Crumpton urges that his pleadings expressly limited his recovery to "the jurisdictional limits pertaining to this action," and that the only reason his attorney's fees claim exceeded the jurisdictional limits of the justice court in his amended petition was due to the fact that he incurred additional attorney's fees in prosecuting the suit in the county court at law. We find nothing in Stevens's summary judgment proof showing otherwise. Therefore, we hold that the county court at law erred in denying Crumpton's attorney's fees claim on the ground that his second amended petition divested the court of jurisdiction. *See Villarreal,* 831 S.W.2d at 477.

■ Stevens asserts that Crumpton has waived any alleged error the trial court committed denying Crumpton's attorney's fees claim because Crumpton failed to request a jury question on attorney's fees and did not identify an expert witness to testify on the amount or reasonableness of attorney's fees.

■ The issues determined in a partial summary judgment are final although the judgment is interlocutory. *Martin v. First Republic Bank, Fort Worth,* 799 S.W.2d 482, 488 (Tex.App.—Fort Worth 1990, writ denied); *City of Houston v. Socony Mobil Oil Co.,* 421 S.W.2d 427, 430 (Tex.Civ.App.—Houston [1st Dist.] 1967, writ ref'd n.r.e.).

After an interlocutory summary judgment is granted, the issues it decides cannot be litigated further unless the trial court sets the judgment aside or the partial summary judgment is reversed on appeal. *Martin,* 799 S.W.2d at 488–89.

In this case, the trial court's partial summary judgment was determined in advance of the trial date. Therefore, Crumpton was precluded from litigating the attorney's fees issue and relieved of any duty to protect the record by supplementing his discovery or objecting to the trial court's failure to include a jury issue on his attorney's fees claim.

### Stevens's Counterpoints

■ In two counterpoints, Stevens contends that there is no evidence to support the jury's award for unpaid commissions because there is no evidence that Crumpton was "employed" by Stevens and because the evidence on which a portion of the award is based is hearsay.

Question number two of the charge asked the jury:

What amount of money, if any, do you find to be owed to Plaintiff Jerry Crumpton by the Defendant Michael Stevens relating to insurance policies sold by the Plaintiff while in the employ of the Defendant?

In answer to this question, the jury found that Stevens owed Crumpton $913.45. We hold that the evidence is sufficient to support the jury's finding.

It is undisputed that Crumpton served as an agent for Stevens. The evidence showed that the unpaid commissions that Crumpton earned while serving as Stevens's agent were payable to Crumpton pursuant to an agreement that required Stevens to withhold a percentage of advanced commissions in reserve until a policy sold by Crumpton was in effect at least six months. Crumpton also offered evidence showing that Stevens failed to pay Crumpton the commissions held in the reserve account and the amounts Crumpton was owed.

■ Stevens contends that the evidence supporting an award over $500.00 is hearsay

and that Crumpton admitted that he did not know whether the policies at issue remained in effect six months. We find nothing in the record to support Stevens's contention that Crumpton admitted that he had "no knowledge of what happened with the accounts" after they were sold. Although Crumpton did say that he had not spoken to some of the policy holders "personally," his testimony showed that he had acquired knowledge about the accounts through other sources. In any case, while Stevens cites a hearsay objection to Crumpton's testimony about Sharon A. Peak's account, the substance of the testimony regarding the duration of the Peak policy came into evidence without objection at a later portion of the trial. We have searched the record and have failed to find any further hearsay objections. Therefore, without addressing whether the complained of testimony is hearsay, we hold that Stevens waived any complaint about the alleged hearsay by failing to object to it. TEX. R. CIV. EVID. 103(a)(1); TEX. R. APP. P. 52(a). We overrule Stevens's counterpoints.

We reverse the judgment of the trial court in part and remand the case for a new trial on the sole issue of Crumpton's attorney's fees. The remainder of the trial court's judgment is affirmed.