Opinion issued March 17, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-01039-CV

———————————

LEISHA ROJAS, Appellant

V.

ROBERT
SCHARNBERG,
Appellee



 



 

On Appeal from the 300th District Court 

Brazoria County, Texas



Trial Court Case No. 6824

 



 

MEMORANDUM
OPINION

Leisha Rojas appeals a
default judgment against her in a child custody dispute between the parents for
possession and access to their son.  In
early June 2009, the father, Robert Scharnberg, filed a Petition to Modify
Parent-Child Relationship.  When Rojas
did not appear for trial, the court granted Scharnberg a default judgment.  Rojas raises four issues on appeal, primarily
based on her contention that the trial court erred in denying her motion for
new trial.  Because Rojas’s due process
rights were violated by a trial on the merits without proper notice to her, and
because she satisfied the requirements for a new trial set forth in Craddock v.
Sunshine Bus Lines, Inc., 133 S.W.2d
124, 126 (Tex. 1939), we reverse the judgment of the trial
court and remand for further proceedings on the merits.  

Background

This suit affecting a parent-child relationship (SAPCR)
arose when Scharnberg filed a Petition to Modify Parent-Child Relationship seeking
to modify Rojas’s possession and access to their son.  Scharnberg requested the issuance of
temporary orders, a temporary restraining order, and a temporary injunction, as
well as reasonable attorney’s fees.  On
the day the suit was filed, the trial judge granted a mutual temporary
restraining order and set a hearing for June 11 on the remaining issues.  

Rojas was served and appeared in court for the June 11
hearing.  The trial court placed her
under oath and advised her that the temporary injunction hearing was reset for
June 25.  On June 22, Rojas mistakenly filed her answer with the Brazoria
County clerk, instead of filing it with the county district clerk or with the
court.  Rojas’s answer was not forwarded
to the district clerk and was not in the court’s file until she attached it to
her Motion for New Trial.  She appeared
again at the June 25 hearing, but Scharnberg “passed” on this hearing. 

Ten days after the second hearing, Scharnberg’s attorney
sent a letter to Rojas advising her that “a hearing” was scheduled for July
29.  The letter does not indicate the
type of hearing, reference any particular motion or request for relief that was
to be heard by the trial court on that date, or state that the hearing was for
a dispositive decision on the merits.  The
day before the scheduled hearing, Rojas faxed a letter to Scharnberg’s attorney
stating that she would be unable to attend the July 29 hearing and requesting
that the hearing be rescheduled.  There
is no evidence that Scharnberg responded to Rojas’s request.

Scharnberg appeared at the hearing on
July 29, but Rojas did not.  Scharnberg
initially represented to the court that the hearing concerned his request for
temporary orders.  After an
off-the-record discussion, Scharnberg stated that “[a]fter looking at our notice
letter to Ms. Rojas, it does indicate that we would be setting today for the
modification on final.”  The trial
court’s docket sheet does not contain any entry between June 25 and July 29
showing that the case had been set for trial on July 29.  The docket sheet contains a handwritten entry
dated July 29 that noted the case was “[s]et on the merits,” but does not state
when the trial setting was first announced.[1] 

After hearing testimony from Scharnberg and his attorney, the
trial court rendered a default judgment in favor of Scharnberg.  The “Default Order in Suit to Modify
Parent-Child Relationship” stated that Scharnberg appeared and announced ready
for trial on July 29, but Rojas “did not appear and wholly made default.” 

Rojas timely filed her Motion for New
Trial along with a supporting 
affidavit.  Scharnberg did not
file a response to Rojas’ Motion for New Trial. 
After an oral hearing, which consisted solely of attorney argument, the
trial court denied the motion for new trial.

Motion for New Trial After Default
Judgment

          Rojas argues
the trial court erred in denying her motion for new trial on the default
judgment because she did not receive notice of the dispositive hearing on the
merits and she satisfies all the Craddock
factors for setting aside a default judgment.

I.       Standard of
Review

We review the trial
court’s denial of a motion for new trial for an abuse of discretion.  See In
re R.R., 209 S.W.3d 112, 114 (Tex. 2006). 
A trial court abuses
its discretion if its decision is arbitrary, unreasonable, and without
reference to guiding rules and principles. 
See Goode v. Shoukfeh,
943 S.W.2d 441, 446 (Tex. 1997); Imkie v. Methodist Hosp., 326
S.W.3d 339, 344 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

II.      Rojas’s Appearance

Rojas in her first issue contends that
she made an appearance in the trial court, and therefore was entitled under the
due process clause of the Fourteenth Amendment to the United States
Constitution to notice of all dispositive hearings and trial settings. 

Generally, a plaintiff may take a
default judgment against a defendant who fails to file an answer.  See Tex. R. Civ. P. 239.  A defendant who fails to answer or appear is
not entitled to notice of a hearing on the default judgment.  Wilson
v. Wilson, 132 S.W.3d 533, 536 (Tex. App.—Houston [1st Dist.] 2004, pet.
denied).  A defendant who makes an
appearance in the case, however, is entitled under the due process clause to
notice of a trial on the merits or a hearing on a motion for default
judgment.  LBL Oil Co. v. Int’l Power Servs.,
Inc., 777 S.W.2d 390, 390–91 (Tex. 1989); In
re Marriage of Runberg, 159 S.W.3d 194, 197 (Tex.
App.—Amarillo 2005, no pet.) (holding that husband’s appearance in divorce suit
entitled him to notice of final hearing under due process).  

In LBL, the defendant had filed a prior
pleading, but here Rojas did not file any pleadings with the court.  Instead, she mistakenly filed her answer with
the county clerk’s office.  Because she did
not file a written
answer, whether she made an “appearance” under Texas Rule of Civil Procedure
120 depends “on the nature and quality of the party’s activities in the
case.”  See In re Marriage of Runberg, 159 S.W.3d at 198 (quoting Bradford
v. Bradford, 971 S.W.2d 595, 597
(Tex. App.—Dallas 1998, no pet.)). 
A key issue in examining these activities is whether the
defendant takes any “affirmative action which impliedly recognizes the court’s
jurisdiction over the parties.”  Serna
v. Webster,
908 S.W.2d 487, 492 (Tex. App.—San Antonio 1995, no writ).

Rojas
appeared twice in the courtroom according to her uncontroverted affidavit.  Rojas did not testify on either occasion, but
she did inform the court of her intent to defend the lawsuit and her opposition
to the TRO.  She further stated in her
affidavit that she “was sworn to appear on June 25, 2009.”  We must accept these uncontroverted
statements as true.  See Dir., State Emp. Workers’ Comp. Div. v. Evans, 889 S.W.2d
266, 268–69 (Tex. 1994) (holding that trial court must accept as true
uncontroverted affidavits of moving party when determining whether party has
satisfied the elements to set aside default judgment).

Rojas
was not merely a “silent figurehead in the courtroom, observing the proceedings
without participating.”  Bradford v. Bradford, 971 S.W.2d 595, 598 (Tex. App.—Dallas
1998, no pet.).  Merely observing
proceedings in the courtroom does not constitute an appearance.  Id.  In Bradford, the defendant appeared at two hearings, announced “ready,”
and testified at one of the hearings. 
The defendant’s actions in Bradford constituted an appearance such that the
trial court’s failure to set aside the default judgment taken without notice to
the defendant was an abuse of discretion. 
Id. at 598. 
This case is similar.  Rojas
appeared twice, recognized the court’s jurisdiction over her, and made
affirmative statements to the court during the June 11 hearing that she intended
to defend the lawsuit.  She therefore
made an appearance in the case no later than the second hearing on June 25.

III.    Lack of Notice and Default Judgments

Rojas contends that because she made an appearance before
the July 29 hearing, she was entitled to notice of the trial setting as a
matter of due process. 

A defendant who makes an appearance in the case is entitled
under the due process clause to notice of a trial on the merits or a hearing on
a motion for default judgment.  LBL, 777 S.W.2d at 390–91.  In LBL, the sole owner of the defendant
company filed a motion to dismiss alleging the Texas court did not have
personal jurisdiction.  Id. at 390.  After the trial court
denied the motion to dismiss, the plaintiff moved for a default judgment
because the defendant had not filed an answer. 
He did not, however, serve the defendant with the motion for default
judgment or notice of the default judgment hearing.  The Texas Supreme Court reversed the default judgment
and held, “Once a defendant has made an appearance in a cause, he is entitled
to notice of the trial setting as a matter of due process under the Fourteenth
Amendment to the federal constitution.”  Id. at 390–91. 
Because the defendant
had no actual or constructive notice of the hearing on the motion for default
judgment, which effectively was his trial setting since it was dispositive of
the case, his due process rights were violated. 
Id. at 391.

The
requirement that a defendant receive notice of a trial setting applies to a
hearing on a default judgment because it constitutes a “trial setting” dispositive
of the case.  Bradford, 971 S.W.2d at 597; Murphree v. Ziegelmair,
937 S.W.2d 493, 495 (Tex. App.—Houston [1st Dist.] 1995, no writ).  The failure to provide the defendant with
notice of the trial setting deprives the defendant of his constitutional right
to be present and to voice his objections in an appropriate manner.  Bradford,
971 S.W.2d at 597.  “A fundamental
element of due process is adequate and reasonable notice of proceedings.” Murphree, 937 S.W.2d at 495 (quoting Green
v. McAdams,
857 S.W.2d 816, 819 (Tex. App.—Houston [1st Dist.] 1993, no writ)).  

As in LBL, the defendant here, Rojas, was
not given any notice of a hearing on a default judgment or of a trial on the
merits. There is no certificate of service on the letter notifying Rojas of the
hearing and the letter was not signed. 
It contained only a vague reference to a hearing on July 29; it did not
state that the hearing concerned a disposition on the merits.  Thus, even though Rojas made an appearance, she was not
given notice of the default judgment hearing. 

Scharnberg responds
that Rojas waived her right to receive 45 days notice of the trial setting as
required by Texas Rule of Civil Procedure 245.  Scharnberg cites In re
Marriage of Parker, 20 S.W.3d 812, 818 (Tex. App.—Texarkana 2000, no pet.),
for the proposition that a defendant waives the right to 45 days notice by not
taking any action after receiving notice of the trial setting in less than 45
days.  Scharnberg asserts that Rojas knew
of the hearing and deliberately chose not to appear.  Parker is
not responsive to Rojas’s contentions. 
Rojas is not contending that she did not receive any notice whatsoever;
she claims she did not receive any notice that the scheduled hearing was the
final hearing on the merits or a hearing on a default judgment. 

We conclude,
therefore, that the default judgment was in violation of Rojas’s due process
rights.

IV.    Craddock and the Failure to Give Notice

As part of her first issue, Rojas
contends that the trial court abused its discretion in denying her motion for
new trial because a defendant whose due process rights have been violated by a
default judgment is entitled to a new trial without the necessity of meeting
the three prong test for a new trial set forth in Craddock.

There is some debate among the
courts of appeal whether a defendant whose due process rights are violated by a
default judgment rendered without proper notice must also satisfy the Craddock factors for setting aside a
default judgment.  In Craddock, the Texas Supreme Court set forth
three requirements that a defendant must satisfy to set aside a default
judgment and grant a new trial: (1) the failure to file an answer or appear at
a hearing was not intentional or the result of conscious indifference, but was
a mistake or accident; (2) a meritorious defense; and (3) a new trial will not
result in delay or prejudice to the plaintiff. 
Craddock, 133 S.W.2d at 126.  The same
prerequisites for setting aside a no-answer default judgment also apply to a
post-answer default judgment.  Dir., State Emp. Workers’ Comp. Div., 889 S.W.2d at 268. 
A trial court abuses its discretion by not granting a new trial when all
three elements of the Craddock test
are satisfied.  Id.; Blake
v. Blake, 725 S.W.2d 797, 800 (Tex.
App.—Houston [1st Dist.] 1987, no writ).

A defaulted defendant who never
received notice of a trial setting does not need to meet all the Craddock requirements.  The defendant in that situation satisfies the
first Craddock prong that the failure
to file an answer or appear was not intentional or the result of conscious
indifference.  Mathis v. Lockwood, 166 S.W.3d 743, 744 (Tex. 2005); Texas Sting, Ltd. v. R.B. Foods, Inc., 82 S.W.3d 644, 650 (Tex. App.—San
Antonio 2002, pet. denied).[2]  The defendant also does not need to show the
second prong of a meritorious defense.  Mathis, 166 S.W.3d at 744.  The Texas Supreme Court has not addressed
whether the defendant must still satisfy the third prong of lack of injury to
the plaintiff.  Id.; see Dolgencorp of Texas,
Inc. v. Lerma, 288 S.W.3d 922, 927 n.1 (Tex. 2009) (stating Court need not
address whether court dispenses with third Craddock
prong in lack of notice default judgment because defendant demonstrated all
three prongs on appeal).  

This court, however, has held that the defendant does not
need to prove either the second or third Craddock
factors when setting aside a default judgment for lack of notice of the
dispositive hearing.  See Garcia v. Vera, No. 01-05-1161-CV,
2006 WL 2865033, at *4 (Tex. App.—Houston [1st Dist.] Oct. 5, 2006, no pet.)
(holding in SAPCR proceeding that defendant who did not receive notice of trial
setting did not need to satisfy last two Craddock
factors); see also Mahand v. Delaney,
60 S.W.3d 371, 375 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (holding in
lack-of-notice cases party does not need to satisfy second and third Craddock factors and stating that “there
is no logical or jurisprudential reason not to apply the same due process
analysis to both the second and third prongs” of Craddock); see Green v.
McAdams, 857 S.W.2d 816, 819 (Tex. App.—Houston [1st Dist.] 1993, no writ)
(holding that imposing burden to show any of Craddock factors on defendant who did not receive notice of trial
setting “would violate due process.”).[3]  Rojas, therefore, did not need to establish
the third Craddock prong. 

Finally, Rojas contends in her second issue that she satisfies
the first and third prongs of Craddock regardless.  We agree. 
Rojas demonstrated through her uncontested affidavit that her failure to
appear at trial was not the result of conscious indifference.  While she was aware of a scheduled hearing,
she was not given notice that the case was set for final disposition that
day.  Her failure to file an answer was
also not the result of conscious indifference but resulted from her misfiling
the answer to the county clerk rather than the district clerk.  In re Marriage of
Parker, 20 S.W.3d 812, 817 (Tex. App—Texarkana 2000, no pet.)
(stating that “if the defendant did not receive notice of trial, it cannot be
said that he acted intentionally or out of conscious indifference”).  Even a slight excuse is sufficient to satisfy the first prong
of Craddock.  P &
H Transp., Inc. v. Robinson, 930 S.W.2d 857, 861 (Tex. App.—Houston [1st
Dist.] 1996, writ denied); see also
Garcia, 2006 WL 2865033, at *4 (noting that under liberal construction of Craddock in a SAPCR proceeding an
uncontroverted “slight excuse” for failing to appear at trial satisfies first
prong).

Rojas also satisfied the third prong of Craddock that a new trial will not result in delay or
prejudice to Scharnberg.  She asserted in
her motion for new trial that granting a new trial would not cause delay and
her affidavit stated that she would be ready for trial at the court’s earliest
convenience.  Scharnberg did not contest
her affidavit and offered no evidence to demonstrate injury.  In fact, he did not reply to her motion for
new trial at all.  See
Old Republic Ins. Co. v. Scott, 873 S.W.2d 381, 382 (Tex. 1994) (explaining that it is
well-settled that defendant satisfies burden if plaintiff fails to controvert
defendant’s factual assertions in motion for new trial affidavits); see
also Parker, 20 S.W.3d at 816 n.2 (stating that trial court is bound
to accept as true movant’s affidavits in support of motion for new trial after
default judgment, unless opponent requests evidentiary hearing).  Rojas did not offer to pay
Scharnberg’s attorney fees at the motion for new trial, but such an offer is
not a precondition for granting a motion for new trial to set aside a default
judgment.  Cliff v. Huggins, 724 S.W.2d 778, 779 (Tex. 1987) (citing Angelo v. Champion Rest. Equip. Co., 713
S.W.2d 96, 97 (Tex. 1986)).

V.      Craddock
and SAPCR Proceedings

          Scharnberg
contends that we should not apply the Craddock test in a suit affecting
the parent-child relationship (SAPCR) but rather allow the trial court to make
its ruling based on the best interests of the child.  Scharnberg suggests
that we follow the reasoning of Lowe v. Lowe, 971 S.W.2d 720, 725 (Tex.
App.—Houston [14th Dist.] 1998, pet. denied). 
In that case, the court stated its “reluctance to apply” Craddock to a SAPCR proceeding and that
it did not believe Craddock “is an appropriate test for suits involving
the parent-child relationship.”  See
also Little v. Little, 705 S.W.2d 153, 154 (Tex. App.—Dallas 1985,
writ dism’d) (holding “that the best interests of the child override strict
application of the Craddock test”).

We note as an
initial matter that the court in Lowe applied Craddock despite its reluctance, noting that “absent
contrary guidance from the supreme court, we remain bound to apply Craddock.”  Lowe, 971 S.W.2d at 725.  We agree that Craddock applies.  Moreover,
our court has previously held that this line of cases does not warrant
jettisoning the Craddock factors.  Garcia, 2006 WL 2865033, at *4.  Instead, we apply those factors “very
liberally to the facts of each case.”  Id.  

We do agree with
Scharnberg that the child’s best interest is the paramount concern in a SAPCR. 
But the trial court may well be aided in determining the best interests of the
child by a proceeding in which both parents participate.  To increase the likelihood of such
participation, a parent in a SAPCR needs to provide the other parent with adequate
and reasonable notice of the time and nature of any hearing.

We decline
Scharnberg’s invitation to modify the Craddock
test for a SAPCR and sustain Rojas’s first issue.

Conclusion

The
trial court abused its discretion in failing to set the default judgment aside
and grant a new trial.  We do not need to
reach Rojas’s third and fourth issues because of this conclusion.  The judgment is reversed and the cause is
remanded for a new trial.                            

 

 

 

Harvey Brown

                                                                   Justice


 

Panel consists of Justices Jennings, Higley, and
Brown.

 











[1]           Scharnberg
asserts that the docket sheet shows that the case was set for the July 29 trial
well before that date.  We disagree with
his reading of the docket sheet because nothing indicates when the “Set on
Merits” notation was made other than the date itself, which was July 29.  More importantly, “In general, a docket entry
forms no part of the record that may be considered on appeal; instead, it is
merely a memorandum made for the convenience of the clerk and the trial
court.  One reason for not considering
docket entries on appeal is that they are inherently unreliable.”  In re K.A.C.O., No. 14-07-00311-CV,
2009 WL 508295, at *4 (Tex. App.—Houston [14th Dist.] Mar. 3, 2009, no pet.)
(citations omitted).





[2]           Scharnberg further argues
that Rojas acted with conscious indifference because she received notice of a
hearing that could result in an order affecting her rights to her child.  But Rojas had no notice of a hearing that
could result in a final disposition of the case.  Based on the prior
history of the case, she could have reasonably believed, as Scharnberg’s
attorney stated at the commencement of the hearing, that the hearing concerned
the same temporary matters that had previously been set for hearing.  A temporary order is far different than a
final order.  Scharnberg does not provide
any authority that notice that does not specify that the hearing will address a
final disposition of the case means that a defendant who disregards it is
consciously indifferent to the risk of a default judgment in the case.  More importantly, the due process clause
guarantees the right to reasonable and adequate notice of a trial setting or
dispositive proceeding, neither of which were provided to Rojas.  Murphree,
937 S.W.2d at 495. 





[3]
          Numerous courts have found that a trial court abuses its discretion in
denying a motion for new trial when the defendant was not provided notice of
the trial or default hearing without reviewing whether the Craddock factors have been satisfied or because the Craddock elements are inapplicable in
that situation.  See, e.g., Bradford, 971
S.W.2d at 598 (stating that it was unnecessary to reach argument that defendant
was entitled to a new trial under Craddock
because he did not receive notice of default judgment hearing as required by
due process); Murphree v. Ziegelmair,
937 S.W.2d 493, 495–96 (Tex. App.—Houston [1st Dist.] 1995, no writ) (stating that trial court’s failure to give notice that a party’s
post-answer failure to attend a pretrial conference could result in a default judgment
violated right to due process without any analysis under Craddock); Moreno v. Polinard,
No. 04-08-00493-CV, 2009 WL 475953, at *1 (Tex. App.—San
Antonio Feb. 25, 2009, no pet.) (ignoring Craddock
requirements and holding that  trial
court erred in granting default judgment against a defendant who had not filed
an answer, but had made an appearance and did not receive notice of default
judgment hearing).  

 

Other courts have held that the Craddock
factors are modified and that it is only necessary to satisfy the first Craddock element that the failure to
attend the final hearing was not intentional or the result of conscious
indifference. Tex. Sting, Ltd. v. R.B. Foods, Inc., 82 S.W.3d 644, 651–52 (Tex.
App.—San Antonio 2002, pet. denied) (holding trial court rendered post-answer
default judgment without proper notice so defendant relieved from establishing
second and third prongs of Craddock
and that the first prong is satisfied by proving the due process violation); In re Marriage of Parker, 20 S.W.3d 812,
817 (Tex. App.—Texarkana 2000, no pet.) (holding that when defendant did not
receive notice, the motion for new trial should be reviewed under first Craddock prong, but not the second and
third prongs).  

 

Still other courts have held that a party who demonstrates that it has
been denied due process through lack of notice of a trial setting has
necessarily satisfied the first element. Smith
v. Holmes, 53 S.W.3d 815, 817 (Tex. App.—Austin 2001, pet. denied); see also Coastal Banc SSB v. Helle, 48
S.W.3d 796, 801 n.6 (Tex. App.—Corpus Christi 2001, pet. denied) (holding
that the defendant satisfied the first element by demonstrating that it did not
receive notice of the hearing and stating that the court did not have to
address the last two prongs of Craddock). 
As explained in Smith, a party could not intentionally
or with conscious indifference fail to appear or otherwise participate in the
trial when the party does not receive notice of the trial.  Smith,
53 S.W.3d at 818.