**PICON TRANSPORTATION, INC., Appellant,**

v.

**Allen POMERANTZ, Appellee.**

**No. 05–90–01366–CV.**

Court of Appeals of Texas, Dallas.

July 31, 1991.

Rehearing Overruled Sept. 6, 1991.

Teresa Bohne, Michael W. Huddleston, Dallas, for appellant.

Stephen Chapman, Plano, for appellee.

Before BAKER, LAGARDE and BURNETT, JJ.

LAGARDE, Justice.

Picon Transportation, Inc. (Picon) appeals from a judgment in favor of Allen Pomerantz in a personal injury lawsuit. In three points of error, Picon contends that the trial court erred in: (1) rendering judgment in an amount in excess of its jurisdictional limit; (2) denying Picon's motion for judgment notwithstanding the verdict because the jury award of $25,000 for medical care is not supported by the evidence; and (3) denying Picon's motion for new trial because the evidence is factually insufficient to support the $25,000 jury award for medical care. We sustain Picon's first point and modify the trial court's judgment. As modified, the judgment of the trial court is affirmed.

Pomerantz filed his negligence cause of action against Picon in a Collin County court at law. Texas statutory law provides that the jurisdiction of a Collin County court at law is as follows:

(a) In addition to the jurisdiction provided by § 25.0003 and other law, a county court at law in Collin County has:

. . . . .

(2) concurrent jurisdiction with the District Court in civil cases in which the amount in controversy exceeds $500 and does not exceed $50,000, excluding interest.

TEX. GOV'T CODE ANN. § 25.0452(a)(2) (Vernon 1988). The amount in controversy is determined by the plaintiff's petition. *Richardson v. First Nat'l Life Ins. Co.*, 419 S.W.2d 836, 839 (Tex.1967). In his first amended petition, Pomerantz sought recovery of damages in an amount "not less than" $49,860. The trial court rendered judgment based on a jury verdict in favor of Pomerantz for $125,000.

A trial court may award damages above its jurisdictional maximum limit only when the additional damages have accrued as a result of the mere passage of time. *Mr. W. Fireworks, Inc. v. Mitchell*, 622 S.W.2d 576, 577 (Tex.1981) (per curiam); *Flynt v. Garcia*, 587 S.W.2d 109, 110 (Tex. 1979) (per curiam). This rule stands even where the evidence might support an award of greater damages. *Longoria v. Atlantic Gulf Enter., Inc.*, 572 S.W.2d 71, 76 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.).

The jury awarded Pomerantz $25,000 for each of the following elements of damages: (1) physical pain; (2) mental anguish; (3) physical injury; (4) physical impairment; and (5) medical care. Thus, the jury's award of $125,000 exceeded by $75,000 the trial court's maximum jurisdictional limit. These additional $75,000 damages did not accrue as a result of the mere passage of time. For this reason, we hold that the trial court erred in rendering judgment in excess of its $50,000 maximum jurisdictional limit.

Not only did the trial court's judgment exceed the trial court's maximum jur-

isdictional limit, but it also failed to conform to Pomerantz's pleading. *See* TEX. R.CIV.P. 301. A trial court cannot render judgment for an amount in excess of what the plaintiff requested in his last pleading. *Thate v. Texas & Pacific Ry.*, 595 S.W.2d 591, 601 (Tex.Civ.App.—Dallas 1980, writ dism'd). To obtain a judgment for damages in excess of what he last pleaded, a plaintiff may seek to amend his pleading to conform to the evidence proved at trial or the verdict rendered by the jury. TEX. R.CIV.P. 63, 66; *Greenhalgh v. Service Lloyds Ins. Co.*, 787 S.W.2d 938, 940–41 (Tex.1990).

Pomerantz's last live pleading requested "not less than" $49,860 in damages. Pomerantz did not seek a post-verdict amendment increasing his damages to conform to the jury verdict of $125,000 in damages. We sustain the first point of error. Accordingly, we modify the judgment of the trial court to reduce the damages Pomerantz recovers from $125,000 to $49,860, excluding interest.

Because of our disposition of Picon's first point, it is not necessary to address its final two points. As modified, the trial court's judgment is affirmed.

BURNETT, J., dissenting.

BURNETT, Justice, dissenting.

I respectfully dissent. The majority held that the trial court erred in rendering judgment in an amount in excess of jurisdictional limit. I conclude that the trial court never acquired subject matter jurisdiction over Pomerantz's cause of action. Accordingly, I would dismiss the cause of action.

In his original petition, Pomerantz sought recovery of "not less than" $30,860 in actual damages, "not less than" $20,000 in exemplary damages, and "[p]re-judgment interest at the maximum legal rate from September 8, 1986, [the date of the accident] until judgment," which totalled $50,860 exclusive of interest. Picon entered a special exception alleging that Pomerantz pleaded damages exceeding the minimum jurisdictional amount, and that it was entitled to know the maximum amount of damages claimed. Texas Rule of Civil Procedure 47 provides that "... upon special exception the court shall require the plead-

er to amend so as to specify the maximum amount claimed." Pomerantz amended by seeking recovery of "not less than" $19,000 in exemplary damages, which lowered the *minimum* amount of recovery sought to $49,860, just within the trial court's maximum jurisdictional limit.

County courts at law are creatures of statute. The legislature set a minimum jurisdiction of $500 and a maximum jurisdiction of $50,000 excluding interest for the Collin County court at law. TEX. GOV'T CODE ANN. § 25.0452(a)(2) (Vernon 1988). The legislature intended such courts to be courts of concurrent but limited jurisdiction. *Id.* A plaintiff must plead jurisdictional facts that bring it within the statutory limits of the county court to avoid disrupting the legislative jurisdictional scheme. By using the language "not less than," Pomerantz sought recovery beyond the jurisdictional limits of the Collin County court at law because he placed no ceiling on the damages for which he sought recover. Thus, I would hold that the trial court never acquired subject matter jurisdiction over this case because the amount in controversy, as determined from Pomerantz's first amended original petition, exceeded $50,000.

When it is apparent from the face of the record that the trial court rendering judgment lacked subject matter jurisdiction, the appellate court has jurisdiction over the case for the purpose of declaring the invalidity of the judgment and dismissing the cause of action. *Fulton v. Finch*, 162 Tex. 351, 356, 346 S.W.2d 823, 827 (1961) (original proceeding); *Williams*, 101 Tex. at 387, 108 S.W. at 157. Because the trial court did not have subject matter jurisdiction over Pomerantz's cause of action, its judgment is void. *Williams v. Steele*, 101 Tex. 382, 387, 108 S.W. 155, 157 (1908); *Tejas Toyota, Inc. v. Griffin*, 587 S.W.2d 775, 776 (Tex.App.—Waco 1979, writ ref'd n.r.e.).