Jose Ascension CHAPA, Appellant,

v.

Jeffery C. SPIVEY, et al., Appellees.

No. 12–98–00150–CV.

Court of Appeals of Texas,
Tyler.

June 30, 1999.

Jose Ascension Chapa, Tennessee Colony, pro se.

Jeffery C. Spivey, Tennessee Colony, pro se.

Panel consisted of RAMEY, Jr., C.J., HADDEN, J., and WORTHEN, J.

PER CURIAM.

Jose Ascension Chapa appeals from the trial court's dismissal of his *pro se* petition for property damages. In his sole point of error, Appellant contends the trial court abused its discretion in dismissing his complaint for lack of jurisdictional amount. We affirm the trial court's order of dismissal.

Appellant is an inmate in the Texas Department of Criminal Justice, Institutional Division. After a search of his cell by prison officials, Appellant filed a grievance complaining that his fan and typewriter had been damaged. Pursuit of his administrative remedies brought him no relief from the Department of Criminal Justice. He then filed suit in the 349th District Court of Anderson County to recover damages pursuant to Government Code section 501.007, under which inmates may recover up to $500.00 from the Department of Criminal Justice for lost or damaged property. *See* TEX. GOV.CODE ANN. § 501.007 (Vernon 1998). Appellant sought recovery of $12.50 for the fan and $250.00 for the typewriter. Without a hearing, the trial court dismissed Appellant's petition specifically stating that the amount claimed for damages is not within the court's jurisdictional limits.

Texas Government Code section 24.007 states that the district court has the jurisdiction provided by article V, section 8 of the Texas Constitution. TEX. GOV.CODE ANN. § 24.007 (Vernon 1988). Article V, section 8 provides:

District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body. District Court judges shall have the power to issue writs necessary to enforce their jurisdiction.

The District Court shall have appellate jurisdiction and general supervisory control over the County Commissioners Court, with such exceptions and under such regulations as may be prescribed by law.

TEX. CONST. art. V, § 8. Neither provision specifies an amount in controversy. This has not always been the case, however. The 1876 constitution set the district court's minimum amount in controversy at $500.00. TEX. CONST. art. V, § 8 (amended 1879, 1985). From 1879 to 1985, the legislature duplicated this constitutional provision by statute. *See* TEX.REV.CIV. STAT. ANN. art. 1117(6) (1879); art. 1098(6) (1895); art. 1705(6) (1911); art.1906(6) (1925), *repealed by* Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 26(1), 1985 Tex.

Gen. Laws 1720, 2048 (current version at TEX. GOV.CODE ANN. § 24.007). However, the provision specifying a minimum amount in controversy was omitted when the statute was codified into the Government Code in 1985. *See* TEX. GOV.CODE ANN. § 24.007. Further, the district court's constitutional minimum amount in controversy jurisdiction was deleted as a part of the November 5, 1985 amendment of article V, section 8. *See* TEX. CONST. art. V, § 8. Accordingly, we must determine whether, after the 1985 changes to the Government Code and the constitution, the minimum amount in controversy for district courts remains at $500.00.

When construing both constitutional and statutory provisions, we are required to attempt to determine the intent of the legislature. *City of El Paso v. El Paso Community College Dist.*, 729 S.W.2d 296, 298 (Tex.1986); *Union Bankers Ins. v. Shelton*, 889 S.W.2d 278, 280 (Tex.1994). When construing a statute, whether or not the statute is considered ambiguous on its face, a court of appeals may consider, among other matters, the object sought to be obtained, the circumstances under which the statute was enacted, the legislative history, and the former statutory provisions. TEX. GOV.CODE ANN. § 311.023 (Vernon 1998). We presume that provisions relating to the same subject were intended to be consistent and to operate in harmony. *Moses v. Fort Worth Indep. Sch. Dist.*, 977 S.W.2d 851, 853 (Tex.App.—Fort Worth 1998, no writ). Statutes are given a construction consistent with constitutional requirements, when possible, because the legislature is presumed to have intended compliance with the constitution. *Brady v. Fourteenth Court of Appeals*, 795 S.W.2d 712, 715 (Tex.1990). The courts will ordinarily adopt and uphold a construction placed upon a statute by those charged with the duty of its enforcement, including courts, if the statute is ambiguous or uncertain, and

the construction so given it is reasonable, particularly where such construction has been sanctioned by long acquiescence. *Stanford v. Butler*, 142 Tex. 692, 181 S.W.2d 269, 273 (1944).

According to an analysis of the bill containing the proposed amendment to article V, section 8, the purpose of the amendment was to redefine district court jurisdiction in a very broad manner, and allow the legislature to conform the jurisdiction of the other courts to that of the district courts. JUDICIARY COMM., BILL ANALYSIS, Tex. S.J.R. 23, 69th Leg., R.S. (1985). The House Study Group's report stated that the proposed amendment would "remove most of the Constitution's specific grants of trial court jurisdiction, instead allowing trial court jurisdiction to be set by law." HOUSE STUDY GROUP, BILL ANALYSIS, Tex. S.J.R. 14, 69th Leg., R.S. (1985).

Based on the legislative history, the intent of the legislators in amending article V, section 8 was to leave determination of specifics regarding district court jurisdiction to the legislature. The legislative intent with regard to section 24.007 is expressly stated in the Act: "This Act is intended as a recodification only, and no substantive change in the law is intended by this Act." Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 27, 1985 Tex. Gen. Laws 1720, 2049. As the legislature expressly disavowed any intention of substantially changing section 24.007, we must effectuate the intent of the legislature. *See City of LaPorte v. Barfield*, 898 S.W.2d 288, 294 (Tex.1995) (1993 recodification of Labor Code intended by legislature to be without substantive change); *G.P. Show Productions, Inc. v. Arlington Sports Facilities Devel. Auth., Inc.*, 873 S.W.2d 120, 122 (Tex.App.—Fort Worth 1994, no writ) (1984 recodification of Property Code was not intended to create substantive changes); *PRC Kentron,Inc. v. First City Ctr. Associates*, 762 S.W.2d 279,

286 (Tex.App.—Dallas 1988, writ denied) (1984 recodification of Property Code intended no substantive change in the law).

■ The Supreme Court has recently explained that courts are not to blindly follow such statements of legislative intent. *See Fleming Foods of Texas, Inc. v. Rylander, et al.*, 42 Tex. Sup.Ct. J. 744, 749, 1999 WL 374119 (June 10, 1999). Prior law and legislative history cannot be used to alter or disregard express terms of a code provision when its meaning is to clearly change prior law. *Id.* at 748, at ——. Here, we are faced with the deletion of a specific term rather than the addition of a specific term. The new statute does not include a provision that expressly provides for a change in the law. Accordingly, this is not a case where specific provisions of a codification which actually change the law should be given precedence over the legislature's general statement of intent regarding the recodification. *See id.* at 749, at ——.

■■ Further, the judge of the 349 [th] District Court continues to construe section 24.007 and article V, section 8 as requiring a minimum jurisdictional amount of $500.00. Accordingly, faced with 123 years of precedent, we conclude that the 1985 recodification including section 24.007 and the 1985 amendment to article V, section 8 did not change the minimum jurisdictional amount in controversy requirement of district courts. That amount remains at $500.00. Such a construction is reasonable and fosters consistency between the two provisions.

■ The amount in controversy is determined by the plaintiff's petition. *Picon Transp., Inc. v. Pomerantz*, 814 S.W.2d 489, 490 (Tex.App.—Dallas 1991, writ denied). Appellant alleged damages in the amount of $262.50. Because this amount is below the district court's minimum amount in controversy requirement of $500.00, the trial court did not err in dismissing Appellant's petition for want of jurisdiction. Accordingly, we overrule Appellant's sole point of error.

We affirm the trial court's order of dismissal.