NO. 12-00-00334-CV




IN THE COURT OF APPEALS




TWELFTH COURT OF APPEALS DISTRICT




TYLER, TEXAS




FREDDIE LEE PENDLEY,

§

 APPEAL FROM THE 349TH

APPELLANT



V.

§

 JUDICIAL DISTRICT COURT OF



TEXAS DEPARTMENT OF CRIMINAL

JUSTICE - INSTITUTIONAL 

§

 HOUSTON COUNTY, TEXAS

DIVISION, ET AL.,

APPELLEES





PER CURIAM

 This is a pro se informa pauperis appeal from the trial court's order dismissing Freddie Lee Pendley's ("Appellant")
lawsuit against the Texas Department of Criminal Justice-Institutional Division ("TDCJ-ID") and several of its employees
("TDCJ-Personnel"). Appellant, an inmate, filed suit against TDCJ-ID and TDCJ-Personnel under the Texas Tort Claims
Act and 42 U.S.C. § 1983. We affirm.



Background


 The facts set out in the two grievance forms submitted by Appellant, as well as in his petition to the trial court, allege that
during a search of Appellant's living quarters his locker was left unlocked and as a result, his personal property was stolen
and damaged. Appellant's grievances were denied because his allegations were not substantiated. After exhausting his
administrative remedies, Appellant filed a suit. The trial court dismissed the lawsuit as being frivolous or malicious. See
Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(c) (Vernon 1999). 

 Appellant's petition stated that his complaint was for loss of personal property due to the negligence of TDCJ-Personnel. 
He further alleged that TDCJ-Personnel retaliated against him for filing a complaint with the grievance system. Appellant
also complained that his legal papers were destroyed or damaged, and that his commissary items and watch were stolen, or
a result of having been left unsecured. He requested the sum of $75.00 in damages.

 Tex. Civ. Prac. & Rem. Code Ann. § 14.003 governs the situation at issue. Section 14.003 states:



 


 A court may dismiss a claim, either before or after service of process, if the court finds that: 


 


 
 the allegation of poverty in the affidavit or unsworn declaration is false;


 


 

 


 the claim is frivolous or malicious; or 




 


 
 the inmate filed an affidavit or unsworn declaration required by this chapter that the inmate knew was false. 


 


 

 (b) In determining whether a claim is frivolous or malicious, the court may consider whether: 



 


 the claim's realistic chance of ultimate success is slight;




 (2) the claim has no arguable basis in law or in fact;



 


 it is clear that the party cannot prove facts in support of the claim; or 




 


 the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same
operative facts. 




 


 In determining whether Subsection (a) applies, the court may hold a hearing. The hearing may be held before or after
service of process, and it may be held on motion of the court, a party, or the clerk of the court. 




 


 On the filing of a motion under Subsection (c), the court shall suspend discovery relating to the claim pending the
hearing. 




 


 A court that dismisses a claim brought by a person housed in a facility operated by or under contract with the
department may notify the department of the dismissal and, on the court's own motion or the motion of any party or the
clerk of the court, may advise the department that a mental health evaluation of the inmate may be appropriate.




Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (Vernon Supp. 2001).

 The Texas Supreme Court has expressed doubt about whether a trial court can properly dismiss a suit only because the
claim's realistic chance of ultimate success is slight or because it is clear that the party cannot prove facts in support of the
claim. Johnson v. Lynaugh, 796 S.W.2d 705, 706-07 (Tex. 1990). Practically speaking, therefore, the trial court is limited
to determining whether the claim has an arguable basis in law or fact. Bohannan v. Texas Bd. of Criminal Justice, 942
S.W.2d 113, 115 (Tex. App.- Austin 1997, writ denied). Because the trial judge held no hearing on the motion to dismiss,
he may not dismiss Appellant's causes of action on the ground that they had no arguable basis in fact. See Lentworth v.
Trahan, 981 S.W.2d 720, 722 (Tex. App.- Houston [1st Dist.] 1998, no pet.). Therefore, we are limited to reviewing
whether the claim had an arguable basis in law. Sawyer v. Texas Dep't of Criminal Justice, 983 S.W.2d 310, 311 (Tex.
App.- Houston [1st Dist.] 1998, pet. denied); Leon Springs Gas Co. v. Rest. Equip. Leasing Co., 961 S.W.2d 574, 579
(Tex. App.- San Antonio 1997, no pet.); Bohannan v. Texas Bd. of Criminal Justice, 942 S.W.2d at 115; In re Wilson,
932 S.W.2d 263, 265 (Tex. App.- El Paso 1996, no writ).



Discussion


 To determine whether the trial court properly decided there was no arguable basis in law for Appellant's suit, we examine
the types of relief and causes of action Appellant pleaded in his petition to determine whether, as a matter of law, the
petition stated a cause of action that would authorize relief. Lentworth, 981 S.W.2d at 722. In reviewing this dismissal, we
are bound to take as true the allegations in Appellant's original petition. See Harrison v. Texas Dept. of Criminal Justice-
Institutional Div., 915 S.W.2d 882, 888 (Tex. App.- Houston [1st Dist.] 1995, no writ).

 The jurisdiction of the trial court is a matter of law. And, the amount in controversy is determined by the plaintiff's
petition. Picon Transp., Inc. v. Pomerantz, 814 S.W.2d 489, 490 (Tex. App.- Dallas 1991, writ denied). Appellant alleged
damages in the total amount of $75.00 (not $75,000 or $750.00). Even reviewing and evaluating Appellant's pro se
pleadings by a standard less stringent than for attorneys, we must construe the amount of damages by where the decimal is
placed. See Thomas v. Collins, 860 S.W.2d 500, 503 (Tex. App.- Houston [1st Dist.] 1993, writ denied). Because $75.00
is below the district court's minimum amount in controversy requirement of $500.00, the trial court did not err in dismissing
Appellant's petition. Chapa v. Spivey, 999 S.W.2d 833, 835-36 (Tex. App.- Tyler1999, no pet.) (holding that $500.00 is
still the minimum jurisdictional amount for a district court). We conclude that the case was frivolous or malicious since the
trial court was without jurisdiction to hear it. Accordingly, we overrule Appellant's issues on appeal. 

 We affirm the trial court's order of dismissal. 



Opinion delivered September 28, 2001.



Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.



DO NOT PUBLISH