NO. 12-03-00293-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
WILLIAM R. WILKERSON,                             §                 APPEAL FROM THE 349TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

T.D.C.J.-I.D., ET AL,
APPELLEES                                                      §                 ANDERSON COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            William R. Wilkerson, an inmate in the Texas Department of Criminal Justice-Institutional
Division (TDCJ), appeals from the dismissal of his pro se in forma pauperis inmate suit against
TDCJ and Y. Walker, R. Herrera, and S. Schumacher, correctional officers at TDCJ. In two issues,
Douglas asserts the trial court erred in dismissing his suit. We dismiss for want of jurisdiction.

BackgroundWilkerson is an inmate at TDCJ. On or about March 11, 2003, TDCJ placed Wilkerson in
Prehearing Detention for allegedly threatening Y. Walker, an officer at TDCJ. Walker packed
Wilkerson’s personal property and provided an inventory of the property. On March 25, a TDCJ
officer returned Wilkerson’s personal property to him. However, Wilkerson noticed that a few items
were missing. Shortly afterward, Wilkerson was transferred to Palestine Medical Hospital due to
a “heart problem.” Upon returning to prison, Wilkerson noted more items were missing from his
personal property. The items missing included four cans of soup, one mirror, one bag of corn chips,
three bags of Colombian coffee, one bottle of multi/plus vitamins, some legal paper, one padlock,
one postage stamp, two legal pads, and one pack of notebook paper.
            Wilkerson filed a Step 1 Grievance on April 15. On May 12, Warden R. Herrera responded
as follows:
 
A review of all of the information obtained indicated that you did not receive all of your
property back. It was estimated that $12.80 worth of verifiable property was not returned. 
On 5/6/03, a restitution offer of $12.90 was made, and refused by you. Therefore, as a good
faith offer, over the estimated loss was made, no further action is warranted at this level.


Wilkerson then filed a Step 2 Grievance on May 27. On June 20, S. Schumacher responded to the
Step 2 Grievance. “You were offered and refused a fair and equitable settlement. You were offered
a settlement with a value of $12.90 and the missing items have a depreciated value of $2.75. No
action will be taken.” 
            Wilkerson then filed Plaintiff’s Original Petition with the District Clerk of Anderson County. 
The District Clerk file-stamped receipt of the petition on July 21, 2003. On July 28, 2003, sua
sponte, the trial court found Wilkerson’s claim to be frivolous or malicious and dismissed it with
prejudice. See Tex Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (Vernon 2002). Wilkerson
appeals the trial court’s order.

Jurisdiction
            In two issues, Douglas asserts that the trial court (1) erred in dismissing the suit as frivolous
or malicious because the claim has a reasonable basis in law and (2) abused its discretion by
dismissing the case with prejudice. Before considering the merits of Wilkerson’s issues, however,
we must first address the trial court’s jurisdiction as well as our own.
            Subject matter jurisdiction is essential to the authority of a court to decide a case. Tex. Ass’n
of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443-44 (Tex. 1993). However, subject matter
jurisdiction is never presumed and cannot be waived. Id. at 443. Consequently, it is appropriate for
an appellate court to address the issue sua sponte where, as here, neither party has challenged subject
matter jurisdiction.


 Id. at 445-46. Because subject-matter jurisdiction is a question of law, our
review is de novo. See Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). As the
party seeking to invoke the trial court’s jurisdiction, Wilkerson had the burden to allege facts that
affirmatively showed the trial court had subject matter jurisdiction of his case. See Tex. Ass’n of
Bus., 852 S.W.2d at 446. Therefore, in conducting our review, we construe Wilkerson’s allegations
in his favor. See id.
            The amount in controversy is determined by the plaintiff’s petition. Picon Transp., Inc. v.
Pomerantz, 814 S.W.2d 489, 490 (Tex. App.–Dallas 1991, writ denied). Wilkerson admits in his
petition that the claim for the lost property did not exceed $500.00. Attached to his petition were
the original grievances that listed the missing items and their associated costs. According to these
documents, the costs of the missing items were $2.15 for vitamins, $5.35 for one mirror, $0.90 for
one bag of corn chips, $4.00 for four cans of beef soup, $4.65 for three Columbian coffees, $10.50
for one padlock, $0.37 for one postage stamp, $1.90 for two legal pads, and $1.10 for one pack of
notebook paper. The total cost of these items was $30.92. However, the district court’s minimum
jurisdictional amount is $500.00. See Chapa v. Spivey, 999 S.W.2d 833, 835-36 (Tex. App.–Tyler
1999, no pet.) (holding that $500.00 is still the minimum jurisdictional amount for a district court). 
Because the amount Wilkerson sought was less than $500.00, the trial court did not have jurisdiction
to hear the case. See id. Therefore, the trial court should have dismissed Wilkerson’s suit for want
of jurisdiction without addressing whether his claims were frivolous or malicious.
 
Conclusion
            The trial court was without jurisdiction to consider Wilkerson’s case. Our jurisdiction of the
merits of an appeal extends no further than that of the trial court from which the appeal is taken. 
Ward v. Malone, 115 S.W.3d 267, 269 (Tex. App.–Corpus Christi 2003, pet. denied); Dallas
County Appraisal Dist. v. Funds Recovery, Inc., 887 S.W.2d 465, 468 (Tex. App.–Dallas 1994, writ
denied). Having concluded that the trial court lacked jurisdiction, we do not address the merits of
Wilkerson’s issues. Accordingly, we vacate the trial court’s order and dismiss the appeal for want
of jurisdiction.
 
 
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
 
Opinion delivered December 30, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

































(PUBLISH)