NUMBER 13-04-425-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

                                                                                                                     


 

DAVID CASH MOORE,                                                                   Appellant,

 

                                                             v.                                

 

TDCJ-CID, ET AL.,                                                                          Appellees.

                                                                                                                                      


         On
appeal from the 156th District Court of Bee County, Texas.

                                                                                                                     


 

                               MEMORANDUM
OPINION

 

                          Before
Justices Yañez, Castillo, and Garza 

                            Memorandum Opinion
by Justice Garza                       








Appellant, David Cash Moore, appeals the trial court=s dismissal of his pro se, in forma
pauperis petition for property damages. 
See Tex. Civ. Prac. Rem.
Code Ann. ' 14.002 (Vernon 2002).  By two issues, appellant contends that the
trial court erred in (1) dismissing his complaint for lack of jurisdictional
amount, and (2) construing his petition as a Alawsuit@ rather than an appeal from an adverse
administrative decision.  We affirm the
decision of the trial court.  

Appellant is an inmate in the Texas Department of
Criminal JusticeBInstitutional Division.  Appellant initially filed a grievance with
the TDCJ complaining of the alleged loss of property.[1]  After exhausting his administrative remedies,
appellant then filed a claim in district court seeking review of the adverse
administrative decision.[2]  Appellant sought a declaratory judgment (1)
to find the evidence legally and factually insufficient to sustain the agency=s decision, (2) declaring that petitioner=s constitutional right to due process under the
Fourteenth Amendment was violated,[3]
and (3) to vacate the agency decision. 
In addition, appellant sought monetary awards for the loss of his
property in the amount of $51.68, mental suffering, mental anguish and punitive
damages.  Appellee filed a plea to the
jurisdiction claiming that the amount sought was not within the jurisdictional
limits of the court and asserted the defense of sovereign immunity.  After a hearing on defendant=s plea to the jurisdiction, the trial court
dismissed the suit for want of jurisdiction. 








We review a trial court's dismissal of an inmate's
lawsuit in forma pauperis under an abuse of
discretion standard.  Thomas v. Knight,
52 S.W.3d 292, 294 (Tex. App.BCorpus Christi 2001, pet. denied).  A court abuses its discretion if it acts
without reference to guiding rules or principles.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985); Knight, 52 S.W.3d at 294-95.  Where the trial court has not specified the
grounds for dismissal in its order, the order will be affirmed if any of the
theories advanced in the motion to dismiss supports the dismissal.  Walker v. Gonzales County Sherrif=s Dep=t., 35
S.W.3d 157, 162 (Tex. App.BCorpus Christi 2000, pet. denied).  The order dismissing appellant=s suit recites that the court considered defendant=s  plea to the
jurisdiction and pleadings on file in dismissing appellant=s suit. 
Therefore, if either of appellee=s theories of failure to meet the jurisdictional
limit or sovereign immunity supports the dismissal, we will affirm.  








For purposes of our review, we will address
appellant=s second issue first.  In his second issue, appellant claims that
the trial court erred by construing his claim as a lawsuit when it is actually
an appeal from an administrative decision. 
We disagree.  The statute under
which appellant sought relief states that an inmate may not file a claim
in state court regarding operative facts for which the grievance system
provides the exclusive administrative remedy until all remedies are
exhausted.  See Tex. Gov=t Code Ann. ' 501.008 (Vernon Supp. 2004-05) (emphasis added).  AClaim@ is defined as a cause of action governed under this
chapter.  See Tex. Civ. Prac. Rem. Code Ann. ' 14.001(1) (Vernon 2002).  The applicable statute does not refer to the
right to seek relief in state court as an appeal from an administrative
order, it refers to it as a claim.  See
Tex. Gov=t Code Ann. ' 501.008.    The plethora of cases pertaining to inmate
litigation under chapter fourteen of the civil practice and remedies code and
sections 501.007 and 501.008 all construe claims brought pursuant to these
statutes as lawsuits.  See Thompson v.
Mannix, 814 S.W.2d 811, 812 (Tex. App.BWaco 1991, no writ) (appellant inmate claimed in his
suit that the defendants confiscated and converted some of his property)
(emphasis added); Chapa v. Spivey, 999 S.W.2d 833, 834 (Tex. App.BTyler 1999, no pet.) (appellant prisoner filed suit
in the district court to recover damages pursuant to government code
section 501.007) (emphasis added); Spurlock v. Schroedter, 88 S.W.3d
733, 735 (Tex. App.BCorpus Christi 2002, no pet.) (appellant inmate
brought a suit for damages against appellee official and other employees
of the state for damages stemming from loss to his personal property) (emphasis
added).  We find that the trial court did
not err in classifying appellant=s claim as a lawsuit.          








In his first issue, appellant asserts that, because
his claim is an appeal from an administrative decision, he had a right to
challenge the decision of the TDCJ in district court without having to comply
with its jurisdictional limits. 
Appellant=s argument is without merit.  We have already concluded that his claim is a
lawsuit and is therefore subject to jurisdictional requirements.  Appellant sought relief under the statute
governing inmate claims for lost or damaged property.  See Tex.
Gov=t Code Ann. ' 501.007 (Vernon Supp. 2004-05).  This statute does not specifically provide
that suit is to be filed in district court. 
Instead, it provides that a claim may be brought in state court.  See Tex.
Gov=t Code Ann. ' 501.008(d) (emphasis added).  This means that suit may be brought in
district, county, justice of the peace, or small claims court, depending on the
amount in controversy and the jurisdictional limit of the court.  The amount in controversy is determined by
the plaintiff=s petition.  Villarreal
v. Elizondo, 831 S.W.2d 474, 476 (Tex. App.BCorpus
Christi 1992, no writ) (citations omitted). 
As stated in his petition, the purported value of the property in
question is $51.68.  The minimum amount
needed to invoke the jurisdiction of the district court is $500.  See Barnes V. Bituminous Casualty Corp.,
495 S.W.2d 5, 9 (Tex. Civ. App.BAmarillo 1973, writ ref=d n.r.e.) (district court did not have jurisdiction
where claimant sought to recover only $424); Chapa v. Spivey, 999 S.W.2d
at 836 (dismissing appellant prisoner=s suit where he alleged property damages in the
amount of $262.50 and where the district court=s
minimum amount in controversy requirement was $500).  Our interpretation of the statute and case
law leads us to conclude that although a prisoner may file suit in state court,
he must do so in the court with appropriate jurisdiction.  Here, appellant should have filed suit in
Justice of the Peace court in Bee County. 
See Tex. Const.
art. V, ' 19.   

            In reviewing the trial court=s dismissal on a plea to the jurisdiction, we
examine the plaintiff=s pleadings to determine whether he has
affirmatively shown that the trial court has subject matter jurisdiction.  See Texas Ass=n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).  AUnless the petition affirmatively demonstrates that
no cause of action exists or that plaintiff=s
recovery is barred, we require the trial court to give the plaintiff an
opportunity to amend before granting a motion to dismiss or a motion for
summary judgment.@  Peek v.
Equipment Serv. Co. of San Antonio, 779 S.W.2d 802, 805 (Tex. 1989).  In this case, appellant affirmatively pleaded
himself out of district court.  The
amount sought was far less than the minimal jurisdictional limit of the
district court.  Further, appellant has
presented no alternate theory of liability that he could have pleaded for which
appellee could not assert sovereign immunity.[4]  








We overrule the issues presented and affirm the
trial court=s judgment dismissing the suit for want of
jurisdiction.  

 

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Memorandum Opinion delivered and 

filed this the 28th day of July, 2005.











[1] The property consisted of one
radio, one pair of headphones, one night light, one alarm clock, two pilot
pens, one pair of leather gloves, one set of headphone covers, and one light
bulb.  





[2] The Texas Legislature provides an
administrative remedy to pay a claim for lost or damaged property via '' 501.007 and 501.008 of the Texas
Government Code.  Tex. Gov=t Code Ann. '' 501.007, 501.008 (Vernon Supp.
2004-05). 





[3] See Murphy
v. Collins, 26 F. 3d 541, 543-44 (5th Cir. 1994) (stating that deprivations
of property caused by the misconduct of state officials do not infringe upon
notions of constitutional due process if adequate state post-deprivation
remedies exist and in Texas the tort of conversion is such a remedy); see
also Aguilar v. Chastain, 923 S.W.2d 740, 743‑44 (Tex. App.‑Tyler
1996, writ denied) (holding that a prison official's unauthorized deprivation
of an inmate's property is not a constitutional violation since the Texas Legislature
has provided an administrative remedy to pay a claim for lost or damaged
property via '' 501.007 and 501.008 of the Texas
Government Code). 





[4] We note that appellee raised the
defense of sovereign immunity and find that this theory also supports the trial
court=s dismissal.  The statutory provisions for pursuing inmate
claims for lost or damaged property does not affect any immunity that otherwise
exists for a department of the state.  See
Tex. Gov=t Code Ann. '501.008(f).  The allegations in appellant=s petition are pursuant to section
501.007,and appellant does not provide any other claims for which appellee
would not be entitled to claim sovereign immunity.