IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00039-CV

 

Donald Lee Loosier,

                                                                                    Appellant

 v.

 

ERNEST Guterrez, Samuel Hughes, 

Robert Jenkins, Darrell Luker, 

and Maria Luna,

                                                                                    Appellees

 

 

 



From the 278th District Court

Walker County, Texas

Trial Court No. 23565

 



MEMORANDUM  Opinion



 








Donald Lee Loosier, a Texas inmate, filed an in
forma pauperis lawsuit against several employees of the Texas Department of
Criminal Justice, under the Texas Theft Liability Act
and section 31.03 of the Penal Code.  The TDCJ filed an amicus curiae reply
requesting dismissal of the suit.  The trial court dismissed the suit, with
prejudice, as frivolous under Chapter 14 of the Civil Practice and Remedies
Code.  On appeal, Loosier challenges whether: (1) his suit has an arguable
basis in law; and (2) the trial court erred by failing to appoint counsel.[1] 
We vacate and dismiss.

                                                                   DISMISSAL                     

In its amicus curiae reply, the TDCJ argued
that Loosier failed to comply with the requirements of sections 14.004 and
14.005 of the Civil Practice & Remedies Code, could not prevail on his
claims, and had not invoked the trial court’s jurisdiction.  See Tex. Civ. Prac. & Rem. Code Ann. § 14.004
(Vernon 2002) (affidavit of previous filings); see also Tex. Civ. Prac. & Rem. Code Ann. § 14.005
(Vernon 2002) (affidavit regarding exhaustion of administrative remedies).

We first address jurisdiction.  Subject matter jurisdiction is essential to a court’s
authority to decide a case.  See Texas Ass’n Bus. v. Texas Air
Control Bd., 852
S.W.2d 440, 443-44 (Tex. 1993).  It is never presumed and
cannot be waived.  Id. at 443-44.  We may
address sua sponte the issue of subject matter jurisdiction.  Id. at 445-46.  We do so
under a de novo standard of review.  See Mayhew v. Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).

The amount in controversy
is determined by the plaintiff’s petition.  Picon Transp., Inc. v. Pomerantz, 814 S.W.2d 489, 490 (Tex. App.—Dallas
1991, writ denied) (citing Richardson v. First Nat’l Life
Ins. Co., 419
S.W.2d 836, 839 (Tex. 1967)).  Loosier sued for $88.80, the alleged
value of his confiscated property.  This amount falls below the $500
amount-in-controversy requirement for district-court subject matter
jurisdiction.  See Chapa v. Spivey, 999 S.W.2d 833, 836 (Tex. App.—Tyler
1999, no pet.).  Accordingly, the trial court did not have
jurisdiction to decide the case.  See id.  It should have dismissed Loosier’s
suit for want of
jurisdiction without addressing whether his suit was frivolous under Chapter 14.  See
Le Clair v. Wood, No.
10-04-00232-CV, 2005 Tex. App. Lexis
4257, at *6 (Tex. App.—Waco June 1, 2005, pet. denied) (mem. op.) (trial court
lacked jurisdiction of inmate suit that sought $314.05 for confiscated property);  see
also Wilkerson v. T.D.C.J.-I.D., No. 12-03-00293-CV, 2004 Tex. App. Lexis 11850, at *5 (Tex. App.—Tyler Dec. 30, 2004, no
pet.) (mem. op.) (trial court lacked jurisdiction of inmate suit
that sought $30.92 for property damage).

Our jurisdiction of the merits of an appeal
extends no further than that of the trial court from which the appeal is taken.
 Ward v. Malone, 115 S.W.3d 267, 269 (Tex. App.—Corpus
Christi 2003, pet. denied).  Because the trial court lacked subject
matter jurisdiction, we do not address the merits of Loosier’s issues in this
appeal.  See Le Clair, 2005 Tex. App. Lexis 4257, at *6; see also
Wilkerson, 2004 Tex. App. Lexis 11850, at *5-6.
 We vacate the trial court’s order and dismiss the case for want of
jurisdiction.  See Le Clair, 2005 Tex. App. Lexis 4257, at *6; see also
Wilkerson, 2004 Tex. App. Lexis 11850, at *6;
Tex. R. App. P. 43.2(e).

                                                                        

 

                                                                        FELIPE REYNA

                                                                        Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Vacated and dismissed 

Opinion delivered and
filed February 27, 2008

[CV06]









[1]               The TDCJ did not file an Appellee’s
brief in this proceeding.








trial or ordering that an instruction and charge to the jury on community supervision be
submitted. Randolph argues on appeal that the court’s admonishment prior to the punishment
phase was improper and that the court sua sponte should have declared a mistrial. A trial
judge has a discretionary power to declare a mistrial sua sponte when there is a manifest
necessity for the act or the ends of public justice would otherwise be defeated. Torres v. State,
614 S.W.2d 436, 442 (Tex. Crim. App. 1981); see also Plunkett v. State, 883 S.W.2d 349,
355 (Tex. App.—Waco 1994, pet. ref’d). Here, we do not believe the court abused its
discretion by reiterating what appellant’s counsel had told him only moments earlier regarding
the necessity for Randolph’s testimony during the punishment phase. We overrule Randolph’s
second issue.
INEFFECTIVE ASSISTANCE OF COUNSEL
      In his third and fourth issues, Randolph contends that his attorneys rendered ineffective
assistance of counsel. His third issue complains that his attorneys failed to file a properly
notarized application for community supervision;


 his fourth complains that his attorneys
incorrectly advised him of his need to testify in the punishment phase to qualify for community
supervision.
      We use the two-pronged Strickland test when reviewing claims of ineffective assistance of
counsel. Carroll v. State, 56 S.W.3d 644, 649 (Tex. App.—Waco 2001, pet. ref’d). We have
reviewed the record and the totality of Randolph’s counsel’s representation to determine
whether his attorneys’ performance was deficient and if there is a reasonable probability that
the outcome of his trial would have been different but for such inadequate performance. See
id. Although his written application for community supervision was not sworn, before trial
and on the record, Randolph’s attorney had him swear to the fact that he has never before been
convicted of a felony. Even if this weren’t sufficient, however, nothing in the record reveals
trial counsel’s motivation, and it would be improper for us to speculate upon it. See Thompson
v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).
      What is in the record, however, are several examples of Randolph’s refusal to cooperate
with his trial counsel, both before and during trial. Also, the record affirmatively shows that
Randolph’s attorneys met with him prior to trial, made pre-trial motions and obtained rulings,
conducted a thoughtful voir dire, objected frequently, requested and obtained limiting
instructions, vigorously cross-examined witnesses, and put forth a plausible defense. See
Villareal v. State, 1999 WL 33757655, *2–3 (Tex. App.—Corpus Christi 1999, no pet.) (not
designated for publication). Finally, the record clearly shows that the jury assessed the
maximum punishment, twenty years’ imprisonment for burglary of a habitation and ten years’
imprisonment for family violence assault, for which Randolph would not have been entitled to
community supervision. See Tex. Code Crim. Proc. Ann. art. 42.12 § 4(e).
      Under the totality of the circumstances, Randolph has not shown his attorneys’
performance fell below an objective standard of reasonableness. We overrule his third and
fourth issues.
LESSER INCLUDED OFFENSES
      Finally, Randolph urges that the court erred by not sua sponte instructing the jury on the
lesser included offenses of aggravated assault and criminal trespass. A defendant may have
strategic reasons for not requesting an instruction on a lesser included offense. Collier v.
State, 999 S.W.2d 779 (Tex. Crim. App. 1999). “By not requesting instructions on lesser
included offenses, the accused hopes that the jury will acquit of the greater offense rather than
convict on what the accused views as arguably insufficient evidence. The accused is counting
on the jury to comply with the instructions that the State’s burden is to prove guilt beyond a
reasonable doubt.” Id. at 782. Moreover, Randolph did not request an instruction on lesser
included offenses or object to the lack thereof. Therefore, he has waived his complaint. 
Kinnamon v. State, 791 S.W.2d 84, 96 (Tex. Crim. App. 1990) overruled on other grounds by
Cook v. State, 884 S.W.2d 485, 491 (Tex. Crim. App. 1994). We overrule this issue.
CONCLUSION
      Having overruled all of Randolph’s issues, we affirm the judgment.
 

                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Gray,
      Justice Vance, and 
      Justice Reyna
      (Chief Justice Gray concurring)
Judgment affirmed
Opinion delivered and filed May 12, 2004
Do not publish 

[CR25]