NO. 07-06-0284-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 28, 2008
_____

ROBERT CONWAY,

Appellant

V.

RICHARD THOMPSON, et al.,

Appellees
_____

FROM THE 87TH DISTRICT COURT OF ANDERSON COUNTY;

NO. 9991; HONORABLE DEBORAH OAKES EVANS, JUDGE
_____

***Dissenting Opinion***

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Noting the logic and force underlying the majority's opinion, I must nonetheless select a different outcome. This is so not because I believe we previously erred in *Ramirez v. Dietz*, No. 07-04-0108-CV, 2006 WL 507947 (Tex. App.–Amarillo March 1, 2006, no pet.), but because the trial court followed precedent issued by the appellate court that normally reviews its decisions. *See Chapa v. Spivey*, 999 S.W.2d 833 (Tex.

App.–Tyler 1999, no pet.) (holding that the minimum jurisdictional limit of a district court is $500).  More importantly, I am troubled by the fact that the power of district courts to resolve the same dispute in Texas can vary simply because of the respective court's geographic location.  There is no logic or sense in saying that such a court within Anderson County cannot resolve a $250 claim while a district court in Potter County can.  The anomaly must be resolved by either our Supreme Court or Legislature, and I respectfully invite both to do so.

Consequently, I dissent from the majority's opinion.

Brian Quinn
Chief Justice