

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00317-CV

**SPENCER PARKER,**

**Appellant**

 **v.**

**J. ROSS, TDCJ ID OFFICER**

**Appellee**

**From the 12th District Court
Walker County, Texas
Trial Court No. 24,244**

## MEMORANDUM OPINION

Spencer Parker, a state prison inmate, sued J. Ross, a TDCJ employee, for stealing or losing Parker's watch, which Parker alleged was valued at $150.00, the amount Parker sued for as damages. Parker filed the suit pro se and as an indigent, which triggered Chapter 14. *See* TEX. CIV. PRAC. & REM. CODE ANN. ch. 14 (Vernon 2002). Ross answered and moved to dismiss Parker's suit, alleging, among other things, that Parker's suit was time-barred (by the two-year statute of limitations and by section

14.005(b)), that his declarations relating to previous filings[1] and to grievance-system exhaustion were deficient, and that his suit was frivolous. The trial court dismissed Parker's suit as frivolous. Parker appeals.[2]

Subject-matter jurisdiction is essential for a court to have authority to decide a case. *Texas Ass'n Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993). Subject-matter jurisdiction is never presumed, and it cannot be waived. *Id.* at 443. An appellate court may address *sua sponte* the issue of subject-matter jurisdiction. *Id.* at 445-46. Because subject-matter jurisdiction is a question of law, our review is de novo. *See Mayhew v. Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

The amount in controversy is determined by the plaintiff's petition. *Picon Transp., Inc. v. Pomerantz*, 814 S.W.2d 489, 490 (Tex. App.—Dallas 1991, writ denied) (citing *Richardson v. First Nat'l Life Ins. Co.*, 419 S.W.2d 836, 839 (Tex. 1967)). Parker sued Ross for $150.00, the alleged value of his watch. This fails to satisfy the $500 amount-in-controversy requirement for district court subject-matter jurisdiction. *See Chapa v. Spivey*, 999 S.W.2d 833, 836 (Tex. App.—Tyler 1999, no pet.); *see also Le Clair v. Wood*, No. 10-04-00232-CV, 2005 WL 1303187, at *2 (Tex. App.—Waco June 1, 2005, pet. denied) (mem. op.). *But see Acreman v. Sharp*, 282 S.W.3d 251, 256 (Tex. App.—Beaumont 2009, no pet.).

---

[1] With respect to a claim for damages of $200.00 or less, the Texas Constitution vests exclusive jurisdiction in justice of the peace courts. TEX. CONST. art. V, § 19. The record reflects that Parker first tried to file suit in justice court in Houston County but the justice court would not "accept" his case. The record does not reflect whether Parker sought review of the justice court's action.

[2] Parker's brief is inadequate in numerous respects. *See* TEX. R. APP. P. 38.1. Under Rule 2, we will suspend Rule 38.1's requirements and will address his appeal to expedite its disposition. *See* TEX. R. APP. P. 2.

Because the amount sought by Parker was less than $500, the trial court did not have jurisdiction to decide the case. *See* TEX. CONST. art. V, § 19 (for civil matters where amount in controversy is $200.00 or less, justice courts have exclusive jurisdiction); *Le Clair,* 2005 WL 1303187, at *2; *Chapa,* 999 S.W.2d at 836. The trial court should have dismissed Parker's suit for want of jurisdiction without addressing whether his claim was frivolous under Chapter 14. *Le Clair,* 2005 WL 1303187, at *2; *Wilkerson v. T.D.C.J.-I.D.,* 2004 WL 3021261 at *2 (Tex. App.—Tyler Dec. 30, 2004, no pet.).

Our jurisdiction of the merits of an appeal extends no further than that of the trial court from which the appeal is taken. *Le Clair,* 2005 WL 1303187, at *2; *Ward v. Malone,* 115 S.W.3d 267, 269 (Tex. App.—Corpus Christi 2003, pet. denied); *Dallas County Appraisal Dist. v. Funds Recovery, Inc.,* 887 S.W.2d 465, 468 (Tex. App.—Dallas 1994, writ denied). Because the trial court lacked subject-matter jurisdiction, we do not address the merits of Parker's appeal. *Le Clair,* 2005 WL 1303187, at *2; *Wilkerson,* 2004 WL 3021261, at *2. Instead, we vacate the trial court's dismissal order and dismiss the case for want of jurisdiction. *See Le Clair,* 2005 WL 1303187, at *2; *Wilkerson,* 2004 WL 3021261, at *2; TEX. R. APP. P. 43.2(e).


REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Dismissed
Opinion delivered and filed September 15, 2010
[CV06]