IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00317-CV

 

Spencer Parker,

                                                                                    Appellant

 v.

 

J. Ross, TDCJ ID Officer

                                                                                    Appellee

 

 

 



From the 12th District
Court

Walker County, Texas

Trial Court No. 24,244

 



MEMORANDUM  Opinion



 








            Spencer Parker, a state
prison inmate, sued J. Ross, a TDCJ employee, for stealing or losing Parker’s
watch, which Parker alleged was valued at $150.00, the amount Parker sued for
as damages.  Parker filed the suit pro se and as an indigent, which triggered
Chapter 14.  See Tex. Civ. Prac.
& Rem. Code Ann. ch. 14 (Vernon 2002).  Ross answered and moved to
dismiss Parker’s suit, alleging, among other things, that Parker’s suit was
time-barred (by the two-year statute of limitations and by section 14.005(b)),
that his declarations relating to previous filings[1]
and to grievance-system exhaustion were deficient, and that his suit was
frivolous.  The trial court dismissed Parker’s suit as frivolous.  Parker
appeals.[2]

Subject-matter jurisdiction is essential
for a court to have authority to decide a case.  Texas Ass’n Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 443-44 (Tex. 1993).  Subject-matter jurisdiction
is never presumed, and it cannot be waived.  Id. at 443.  An appellate
court may address sua sponte the issue of subject-matter jurisdiction.  Id. at 445-46.  Because subject-matter jurisdiction is a question of law, our review
is de novo.  See Mayhew v. Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).

The amount in controversy is determined
by the plaintiff’s petition.  Picon Transp., Inc. v. Pomerantz, 814
S.W.2d 489, 490 (Tex. App.—Dallas 1991, writ denied) (citing Richardson
v. First Nat’l Life Ins. Co., 419 S.W.2d 836, 839 (Tex. 1967)).  Parker
sued Ross for $150.00, the alleged value of his watch.  This fails to satisfy
the $500 amount-in-controversy requirement for district court subject-matter
jurisdiction.  See Chapa v. Spivey, 999 S.W.2d 833, 836 (Tex. App.—Tyler
1999, no pet.); see also Le Clair v. Wood, No. 10-04-00232-CV, 2005 WL 1303187,
at *2 (Tex. App.—Waco June 1, 2005, pet. denied) (mem. op.).  But see
Acreman v. Sharp, 282 S.W.3d 251, 256 (Tex. App.—Beaumont 2009, no pet.).

            Because the amount sought by
Parker was less than $500, the trial court did not have jurisdiction to decide
the case.  See Tex. Const.
art. V, § 19 (for civil matters where amount in controversy is $200.00 or less,
justice courts have exclusive jurisdiction); Le Clair, 2005 WL 1303187,
at *2; Chapa, 999 S.W.2d at 836.  The trial court should have dismissed Parker’s
suit for want of jurisdiction without addressing whether his claim was
frivolous under Chapter 14.  Le Clair, 2005 WL 1303187, at *2; Wilkerson
v. T.D.C.J.-I.D., 2004 WL 3021261 at *2 (Tex. App.—Tyler Dec. 30, 2004, no
pet.).

            Our jurisdiction of the
merits of an appeal extends no further than that of the trial court from which
the appeal is taken.  Le Clair, 2005 WL 1303187, at *2; Ward v.
Malone, 115 S.W.3d 267, 269 (Tex. App.—Corpus Christi 2003, pet. denied); Dallas
County Appraisal Dist. v. Funds Recovery, Inc., 887 S.W.2d 465, 468 (Tex.
App.—Dallas 1994, writ denied).  Because the trial court lacked subject-matter
jurisdiction, we do not address the merits of Parker’s appeal.  Le Clair, 2005
WL 1303187, at *2; Wilkerson, 2004 WL 3021261, at *2.  Instead, we
vacate the trial court’s dismissal order and dismiss the case for want of
jurisdiction.  See Le Clair, 2005 WL 1303187, at *2; Wilkerson,
2004 WL 3021261, at *2; Tex. R.
App. P. 43.2(e).

 

 

REX D. DAVIS

Justice

 

Before Chief
Justice Gray,

            Justice
Reyna, and 

Justice
Davis

Dismissed

Opinion delivered
and filed September 15, 2010

[CV06]









[1] With respect to a claim for damages of
$200.00 or less, the Texas Constitution vests exclusive jurisdiction in justice
of the peace courts.  Tex. Const.
art. V, § 19.  The record reflects that Parker first tried to file suit in
justice court in Houston County but the justice court would not “accept” his
case.  The record does not reflect whether Parker sought review of the justice
court’s action.

 





[2] Parker’s brief is inadequate in numerous
respects.  See Tex. R. App. P. 38.1. 
Under Rule 2, we will suspend Rule 38.1’s requirements and will address his
appeal to expedite its disposition.  See Tex. R. App. P. 2.