IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00106-CV

 

Terry Preston Miller,

                                                                                    Appellant

 v.

 

Richard W. Harvey, 

Talline M. Dunn, and Clayton D. Irby,

                                                                                    Appellees

 

 

 



From the 52nd District
Court

Coryell County, Texas

Trial Court No. COT-08-38575

 



memorandum Opinion



 








            Appellant Terry Preston
Miller, a state prison inmate in the Hughes Unit in Coryell County, sued several
TDCJ employees (the Appellees) for allegedly wrongfully confiscating numerous
books and magazines belonging to Miller.

            Miller filed the suit pro se
and as an indigent, which triggered Chapter 14.  See Tex. Civ. Prac. & Rem. Code Ann.
ch. 14 (Vernon 2002).  The Appellees answered, and the Attorney General, as
ordered by the trial court, filed an amicus curiae advisory that suggested
Miller’s suit was subject to dismissal under Chapter 14.  The trial court
dismissed Parker’s suit pursuant to Chapter 14.  Miller appeals.

            Miller’s petition
specifically states that he was suing the Appellees for $499.00.[1] 
We recently addressed a similar case where the inmate had sued for less than
$500.00 in damages.  See Parker v. Ross, No. 10-08-00317-CV, 2010 WL
3584369 (Tex. App.—Waco Sept. 15, 2010, no pet.) (mem. op.).  In that case, we
stated:

Subject-matter jurisdiction is essential
for a court to have authority to decide a case.  Texas Ass’n Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 443-44 (Tex. 1993).  Subject-matter jurisdiction
is never presumed, and it cannot be waived.  Id. at 443.  An appellate
court may address sua sponte the issue of subject-matter jurisdiction.  Id. at 445-46.  Because subject-matter jurisdiction is a question of law, our review
is de novo.  See Mayhew v. Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).

 

The amount in controversy is determined
by the plaintiff’s petition.  Picon Transp., Inc. v. Pomerantz, 814
S.W.2d 489, 490 (Tex. App.—Dallas 1991, writ denied) (citing Richardson
v. First Nat’l Life Ins. Co., 419 S.W.2d 836, 839 (Tex. 1967)).  Parker
sued Ross for $150.00, the alleged value of his watch.  This fails to satisfy the
$500 amount-in-controversy requirement for district court subject-matter
jurisdiction.  See Chapa v. Spivey, 999 S.W.2d 833, 836 (Tex. App.—Tyler
1999, no pet.); see also Le Clair v. Wood, No. 10-04-00232-CV, 2005 WL
1303187, at *2 (Tex. App.—Waco June 1, 2005, pet. denied) (mem. op.).  But
see Acreman v. Sharp, 282 S.W.3d 251, 256 (Tex. App.—Beaumont 2009, no
pet.).

 

Parker, 2010 WL 3584369, at *1.

 

Because the amount sued for by Miller was
less than $500, the trial court did not have jurisdiction to decide the case.  Id.
(citing Le Clair, 2005 WL 1303187, at *2; and Chapa, 999
S.W.2d at 836).  The trial court should have dismissed Miller’s suit for want
of jurisdiction without addressing whether his claim was frivolous under
Chapter 14.  See id. (citing Le Clair, 2005 WL 1303187, at
*2; and Wilkerson v. T.D.C.J.-I.D., 2004 WL 3021261 at *2 (Tex. App.—Tyler Dec. 30, 2004, no pet.)).

            Our jurisdiction of the
merits of an appeal extends no further than that of the trial court from which
the appeal is taken.  Id. (citing Le Clair, 2005 WL 1303187, at
*2; Ward v. Malone, 115 S.W.3d 267, 269 (Tex. App.—Corpus Christi 2003,
pet. denied); and Dallas County Appraisal Dist. v. Funds Recovery, Inc.,
887 S.W.2d 465, 468 (Tex. App.—Dallas 1994, writ denied)).  Because the trial
court lacked subject-matter jurisdiction, we do not address the merits of Miller’s
appeal.  Id. (citing Le Clair, 2005 WL 1303187, at *2; and Wilkerson,
2004 WL 3021261, at *2).  Instead, we vacate the trial court’s dismissal order
and dismiss the case for want of jurisdiction.  See id. (citing Le
Clair, 2005 WL 1303187, at *2; Wilkerson, 2004 WL 3021261, at *2;
and Tex. R. App. P. 43.2(e)).

 

 

REX D. DAVIS

Justice

 

Before Chief
Justice Gray,

            Justice
Davis, and 

Justice
Scoggins

Dismissed

Opinion
delivered and filed May 18, 2011

[CV06]

 









[1] It would appear that Miller did not
intend for his petition to be filed in district court, as its style states “In
the Small Claims Court of Coryell County, Texas.”  But, it was filed in
district court.