

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00106-CV

**TERRY PRESTON MILLER,**

                                     **Appellant**

 **v.**

**RICHARD W. HARVEY,**
**TALLINE M. DUNN, AND CLAYTON D. IRBY,**

                                     **Appellees**

From the 52nd District Court
Coryell County, Texas
Trial Court No. COT-08-38575

## MEMORANDUM OPINION

Appellant Terry Preston Miller, a state prison inmate in the Hughes Unit in Coryell County, sued several TDCJ employees (the Appellees) for allegedly wrongfully confiscating numerous books and magazines belonging to Miller.

Miller filed the suit pro se and as an indigent, which triggered Chapter 14. *See* TEX. CIV. PRAC. & REM. CODE ANN. ch. 14 (Vernon 2002). The Appellees answered, and the Attorney General, as ordered by the trial court, filed an amicus curiae advisory that suggested Miller's suit was subject to dismissal under Chapter 14. The trial court

dismissed Parker's suit pursuant to Chapter 14.  Miller appeals.

Miller's petition specifically states that he was suing the Appellees for $499.00.[1]
We recently addressed a similar case where the inmate had sued for less than $500.00 in
damages.  *See Parker v. Ross*, No. 10-08-00317-CV, 2010 WL 3584369 (Tex. App.—Waco
Sept. 15, 2010, no pet.) (mem. op.).  In that case, we stated:

> Subject-matter jurisdiction is essential for a court to have authority
> to decide a case.  *Texas Ass'n Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440,
> 443-44 (Tex. 1993).  Subject-matter jurisdiction is never presumed, and it
> cannot be waived.  *Id.* at 443.  An appellate court may address *sua sponte*
> the issue of subject-matter jurisdiction.  *Id.* at 445-46.  Because subject-
> matter jurisdiction is a question of law, our review is de novo.  *See Mayhew
> v. Sunnyvale,* 964 S.W.2d 922, 928 (Tex. 1998).
>
> The amount in controversy is determined by the plaintiff's petition.
> *Picon Transp., Inc. v. Pomerantz,* 814 S.W.2d 489, 490 (Tex. App.—Dallas
> 1991, writ denied) (citing *Richardson v. First Nat'l Life Ins. Co.,* 419 S.W.2d
> 836, 839 (Tex. 1967)).  Parker sued Ross for $150.00, the alleged value of his
> watch.  This fails to satisfy the $500 amount-in-controversy requirement
> for district court subject-matter jurisdiction.  *See Chapa v. Spivey*, 999
> S.W.2d 833, 836 (Tex. App.—Tyler 1999, no pet.); *see also Le Clair v. Wood,*
> No. 10-04-00232-CV, 2005 WL 1303187, at *2 (Tex. App.—Waco June 1,
> 2005, pet. denied) (mem. op.).  *But see Acreman v. Sharp,* 282 S.W.3d 251,
> 256 (Tex. App.—Beaumont 2009, no pet.).

*Parker,* 2010 WL 3584369, at *1.

Because the amount sued for by Miller was less than $500, the trial court did not
have jurisdiction to decide the case.  *Id.* (citing *Le Clair,* 2005 WL 1303187, at *2; and
*Chapa,* 999 S.W.2d at 836).  The trial court should have dismissed Miller's suit for want
of jurisdiction without addressing whether his claim was frivolous under Chapter 14.
*See id.* (citing *Le Clair*, 2005 WL 1303187, at *2; and *Wilkerson v. T.D.C.J.-I.D.,* 2004 WL

---

[1] It would appear that Miller did not intend for his petition to be filed in district court, as its style states "In the Small Claims Court of Coryell County, Texas."  But, it was filed in district court.

3021261 at *2 (Tex. App.—Tyler Dec. 30, 2004, no pet.)).

Our jurisdiction of the merits of an appeal extends no further than that of the trial court from which the appeal is taken. *Id.* (citing *Le Clair,* 2005 WL 1303187, at *2; *Ward v. Malone,* 115 S.W.3d 267, 269 (Tex. App.—Corpus Christi 2003, pet. denied); and *Dallas County Appraisal Dist. v. Funds Recovery, Inc.,* 887 S.W.2d 465, 468 (Tex. App.—Dallas 1994, writ denied)). Because the trial court lacked subject-matter jurisdiction, we do not address the merits of Miller's appeal. *Id.* (citing *Le Clair,* 2005 WL 1303187, at *2; and *Wilkerson,* 2004 WL 3021261, at *2). Instead, we vacate the trial court's dismissal order and dismiss the case for want of jurisdiction. *See id.* (citing *Le Clair,* 2005 WL 1303187, at *2; *Wilkerson,* 2004 WL 3021261, at *2; and TEX. R. APP. P. 43.2(e)).

REX D. DAVIS
Justice

Before Chief Justice Gray,
       Justice Davis, and
       Justice Scoggins
Dismissed
Opinion delivered and filed May 18, 2011
[CV06]